2010 ND 118

**BURRIS CARPET PLUS, INC.,**
Plaintiff, Appellant and
Cross–Appellee

v.

**Jerrod BURRIS, Derek Burris, and
Dan Burris, Defendants, Appellees
and Cross–Appellants.**

No. 20090104.

Supreme Court of North Dakota.

June 30, 2010.

DeWayne A. Johnston (argued) and Jacey Layne Johnston (appeared), Grand

Forks, N.D., for plaintiff, appellant and cross-appellee.

Patrick W. Fisher (argued) and John Benjamin Wangberg (on brief), Grand Forks, N.D., for defendants, appellees and cross-appellants Jerrod Burris and Dan Burris.

Mark R. Western (argued) and William P. Harrie (on brief), Fargo, N.D., for defendant, appellee and cross-appellant Derek Burris.

VANDE WALLE, Chief Justice.

[¶ 1] Burris Carpet Plus, Inc. ("BCP"), appealed and Jerrod Burris, Derek Burris, and Dan Burris (collectively "Burrises") cross-appealed from a district court order and judgment granting the Burrises' motion for summary dismissal and denying BCP's motion for summary judgment. BCP also appealed from a district court order partially granting its motion to compel discovery. We affirm.

I

[¶ 2] BCP is a North Dakota corporation, which was incorporated in June 2000. BCP is involved in retail flooring sales and has a retail location in Grand Forks. BCP does business and advertises under the name "Burris Carpet Plus." Don Burris is BCP's president and sole shareholder. Don Burris has worked in the flooring industry since approximately 1974.

[¶ 3] The Burrises are all related to Don Burris. Jerrod and Derek Burris are Don Burris's children, and Dan Burris is Don Burris's brother. The Burrises are all involved in the flooring industry and have used the name "Burris" in various flooring related businesses.

[¶ 4] In 1988, Dan Burris started a carpet cleaning business in East Grand Forks, Minnesota, called Burris Quality Carpet Cleaning. The business name was registered with the Minnesota Secretary of State. Derek Burris bought part of this business from Dan Burris in 2001, and operated the business in the Grand Forks area while Dan Burris operated the business in the Erskine, Minnesota area. Derek Burris has continued to operate the business using the name Burris Quality Carpet Cleaning and other similar names, including D.J. Burris Quality Carpet Cleaning and Burris Carpet Cleaning. Derek Burris rented space for his carpet cleaning business from BCP in BCP's retail location. His rent included the use of BCP's secretarial staff to answer phone calls for his business and schedule appointments. Derek Burris moved out of BCP's retail location in December 2005.

[¶ 5] Between 1993 and December 2001, Jerrod Burris installed carpet using the name Burris Carpet Installation. Jerrod and Dan Burris have installed flooring and carpet together since December 2001, using the name Jerrod & Dan Burris Flooring Installation and other similar names, including Jerrod Burris Flooring Installation, Burris Carpet Installation, and J & D Carpet Installation. In 2000, Jerrod and Dan Burris began installing flooring for BCP as independent contractors. Their relationship with BCP was terminated in late 2006.

[¶ 6] Between late 2006 and March 2007, Jerrod Burris sold carpet in the Grand Forks area, using the names D.J. Burris Quality Carpet Cleaning & Sales, Burris Carpet, Burris Carpet Sales, Burris Carpet Installation, Jerrod and Dan Burris Flooring Installation, and Burris Quality Carpet.

[¶ 7] On March 15, 2007, BCP received a Certificate of Trademark Registration for "Burris (the word)" as a trademark to be used with "miscellaneous services." In the registration, BCP claimed the mark had been used on store fronts, vehicles and

advertisements since January 1, 1974, and in North Dakota since March 1, 1999.

[¶ 8] In September 2007, BCP sued the Burrises for trademark infringement, false designation of origin, and unfair competition, seeking damages and injunctive relief. BCP requested discovery and later filed a motion to compel discovery. In July 2008, after an earlier hearing, the district court partially granted BCP's motion to compel. BCP amended its complaint in April 2008, adding claims of infringement of a registered business name, infringement of a registered trade name, and conspiracy.

[¶ 9] BCP moved for summary judgment, and the Burrises responded and filed cross-motions for summary judgment. After arguments, the district court granted the Burrises' motions for summary judgment and dismissed all of BCP's claims. A judgment was subsequently entered.

II

[¶ 10] Summary judgment is a procedural device used to promptly resolve a controversy on the merits without a trial if either party is entitled to judgment as a matter of law and the material facts are undisputed or if resolving the disputed facts would not alter the result. *In re Estate of Dionne*, 2009 ND 172, ¶ 8, 772 N.W.2d 891. " 'Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts.' " *KAT Video Prod., Inc. v. KKCT–FM Radio*, 1997 ND 21, ¶ 5, 560 N.W.2d 203 (quoting *Larson v. Baer*, 418 N.W.2d 282, 286 (N.D.1988)). Whether a district court has properly granted a motion for summary judgment is a question of law, which this Court reviews de novo on the record. *Dionne*, at ¶ 8.

[¶ 11] When we review a district court's decision on a motion for summary judgment, we view the evidence in a light most favorable to the party opposing the motion and give the opposing party all favorable inferences. *KAT*, 1997 ND 21, ¶ 5, 560 N.W.2d 203. In determining whether summary judgment is appropriate, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence. *Id.* The moving party must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. *Abdullah v. State*, 2009 ND 148, ¶ 9, 771 N.W.2d 246. A party resisting the motion for summary judgment "cannot merely rely on the pleadings or other unsupported conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Id.* " 'In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment.' " *Id.* (quoting *Fish v. Dockter*, 2003 ND 185, ¶ 15, 671 N.W.2d 819).

III

[¶ 12] BCP argues the district court improperly granted the Burrises' motions for summary judgment on BCP's common law and registered trademark infringement claims. BCP claims it has a valid trademark for "Burris (the word)" and the Burrises infringed upon the mark. BCP contends the district court erred in concluding BCP's mark was not protected because it is a surname, finding BCP was not the first to use the mark, and ordering the cancellation of BCP's "Burris" trademark.

[¶ 13] The district court dismissed BCP's common law and statutory trademark claims, ruling the Burrises had all

established they had used the word "Burris" in their various business names prior to BCP's incorporation and, to the extent the word "Burris" can be a protected trademark, the Burrises established they had prior use of the word. The court also concluded BCP did not "use" the mark as required for ownership because BCP only used the word as part of its corporate name. The court dismissed the trademark claims, finding "[a]s a matter of law, BCP is precluded from arguing it owns the name/word 'Burris' as it has failed to set forth facts supportive of its claim of use and ownership of the name/word 'Burris' and the undisputed evidence is that BCP was not the first to use or display the word/name in the marketplace."

[¶ 14] Trademarks and service marks may be registered and receive protection under N.D.C.C. ch. 47–22. A trademark is "any word, name, symbol, or device or any combination thereof adopted and used by a person to identify goods made or sold by that person and to distinguish them from goods made or sold by others." N.D.C.C. § 47–22–01(6). A service mark is "any word, name, symbol, or device or any combination thereof used by a person to identify and distinguish the services of one person, including a unique service, from the services of others, and to indicate the source of the services, even if that source is unknown." N.D.C.C. § 47–22–01(5). Any person who adopts and uses a mark may register the mark with the secretary of state. N.D.C.C. § 47–22–03.

[¶ 15] Any person who "use[s], without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under [N.D.C.C. ch. 47–22] . . . shall be liable to a civil action by the owner of such registered mark. . . ." N.D.C.C. § 47–22–11. Although N.D.C.C. ch. 47–22 provides for the registration of trademarks and service

marks in North Dakota and provides a cause of action, it does not provide the substantive law protecting infringement, which stems from common law. *KAT*, 1997 ND 21, ¶ 6, 560 N.W.2d 203. Furthermore, statutory trademark law does not adversely affect a person's common law trademark rights. N.D.C.C. § 47–22–13.

[¶ 16] The purpose of trademark law is " 'to prevent one person from passing off his goods or his business as the goods or business of another.' " *KAT*, 1997 ND 21, ¶ 7, 560 N.W.2d 203 (quoting *American Steel Foundries v. Robertson*, 269 U.S. 372, 380, 46 S.Ct. 160, 70 L.Ed. 317 (1926)). To prevail on a trademark infringement claim, a plaintiff must first show it has a valid mark that merits protection. *See Brennan's, Inc. v. Brennan's Restaurant, L.L.C.*, 360 F.3d 125, 129 (2d Cir.2004); *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 n. 2 (8th Cir.2009). A valid trademark is a "distinctive mark, symbol, or designation used by a producer or manufacturer to identify and distinguish his services or goods from the services or goods of others." *KAT*, at ¶ 7.

[¶ 17] "Ownership rights in a trademark or trade name accrue when the mark or term is used or displayed in the marketplace." *KAT*, 1997 ND 21, ¶ 8, 560 N.W.2d 203. North Dakota statutory law requires the mark to be used by a person to identify the person's goods to be able to register the trademark or service mark. N.D.C.C. § 47–22–01(5) and (6). For purposes of N.D.C.C. ch. 47–25, a trademark is "used" when "it is placed in any manner on the goods or their containers or on the tags or labels affixed thereto and such goods are sold or otherwise distributed in this state." N.D.C.C. § 47–22–01. However, a mark that is primarily merely a surname shall not be registered unless the

mark has become distinctive of the applicant's goods. N.D.C.C. § 47–22–02(5)(c).

[¶ 18] In order for BCP to establish that it has a valid trademark or service mark in the word "Burris" it must show that it used the mark in connection with the goods or services it provides. There was no evidence in the record that BCP has used the word "Burris" alone in connection with its goods or services. BCP only claimed to use the word "Burris" within its use of "Burris Carpet Plus." BCP contends its use of the phrase "Burris Carpet Plus" is sufficient to establish "use" of the word "Burris" for trademark purposes. However, the use of a corporate name is not "use" of each word in the name for trademark purposes. *See Mars Musical Adventures, Inc. v. Mars, Inc.,* 159 F.Supp.2d 1146, 1149 (D.Minn.2001) (plaintiff did not show it had "used" the mark "Mars Music" because there was only evidence it used "Mars Musical Adventures" in its business and marketing history); *Minnesota Mining & Mfg. Co. v. Minnesota Linseed Oil Paint Co.,* 43 CCPA 746, 229 F.2d 448, 455–56 (1956) (the word "Minnesota" could not be registered a trademark because the word was only used on the goods as part of the corporate name). BCP failed to present any evidence it has "used" the mark in connection with its goods or services.

[¶ 19] Furthermore, for a mark to receive protection it must identify the provider of the goods or services, distinguishing the user's goods or services from the goods or services of others in the customers' minds. *See Mars Musical Adventures,* 159 F.Supp.2d at 1148–49; *First Bank v. First Bank System, Inc.,* 84 F.3d 1040, 1044–45 (8th Cir.1996). The strength or distinctiveness of a mark refers to the mark's ability to identify the source of goods or services to which the mark is attached. *See Brennan's,* 360 F.3d at 130. A mark must be either inherently distinctive or it has to acquire distinctiveness through secondary meaning to receive protection. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768–69, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992).

[¶ 20] There are five categories of distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful. *Two Pesos,* 505 U.S. at 768, 112 S.Ct. 2753. Marks that are suggestive, arbitrary, or fanciful are inherently distinctive and are entitled to protection. *Id.* at 768–69, 112 S.Ct. 2753. An arbitrary or fanciful mark does not suggest or describe any characteristic of the goods or services with which it is used. *KAT,* 1997 ND 21, ¶ 12, 560 N.W.2d 203. A mark that is arbitrary or fanciful is considered the most distinctive or strongest mark and receives the greatest protection because the mark is identified with a particular product or service. *Id.* A mark is suggestive if it indicates something about the product, but does not describe the product. *Id.* Suggestive marks are also inherently distinctive and receive protection. *Id.* A mark is descriptive if it describes the nature, quality, or other characteristic of the goods or services on which the mark is used, and it receives protection only if the mark has achieved secondary meaning. *Id.* Generic marks, which are marks that " 'refer to the genus of which the particular product is a species,' " generally are not protected marks. *Two Pesos,* at 768, 112 S.Ct. 2753.

[¶ 21] When a proper name or surname is used as a mark it is considered a descriptive mark because it does not identify the product by itself. *Brennan's,* 360 F.3d at 131. *See also AFL Philadelphia LLC v. Krause,* 639 F.Supp.2d 512, 526 (E.D.Pa.2009); *Chase Fed. Sav. and Loan Ass'n v. Chase Man-*

*hattan Fin. Servs. Inc.*, 681 F.Supp. 771, 779 (S.D.Fla.1987). Because a surname is a descriptive mark, it must acquire secondary meaning to receive protection. *Brennan's*, at 131. Here, the mark BCP alleges the defendant's infringed consists solely of a surname. The word "Burris" is a descriptive mark and BCP must show the mark has achieved secondary meaning to receive protection.

[¶ 22] A plaintiff establishes that a mark has achieved secondary meaning by showing through " 'long and exclusive use in the sale of the user's goods, the mark has become so associated in the public mind with such goods that the mark serves to identify the source of the goods and to distinguish them from those of others.' " *B & B Hardware*, 569 F.3d at 389 (*Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 870 (8th Cir.1994)). "Secondary meaning does not require the consumer to identify a source by name but does require that the public recognize the mark and associate it with a single source." *Frosty Treats, Inc. v. Sony Computer Entm't America, Inc.*, 426 F.3d 1001, 1005 (8th Cir.2005) Secondary meaning can be established through direct and circumstantial evidence. *Id.* at 1005–06. Direct evidence includes consumer testimony or surveys, and is the most probative. *Id.* at 1005. Circumstantial evidence can also be used, including evidence of exclusivity, length and manner of use of the mark, the amount and manner of advertising, the number of customers and sales, the plaintiff's established place in the market, and whether the defendant engaged in intentional copying. *Id.* at 1005–06.

[¶ 23] BCP failed to present any evidence that the public recognizes the "Burris" mark and associates it with a single source. BCP did not present any direct evidence, and its circumstantial evidence fails to raise a genuine issue of material fact. BCP claimed its evidence of the amount of advertising it has done demonstrates the word "Burris" has achieved secondary meaning. However, there was no evidence BCP used the term "Burris" alone in connection with its goods or services in its advertising. *Cf. Therapy Products, Inc. v. Bissoon*, 623 F.Supp.2d 485, 494–95 (S.D.N.Y.2009) (plaintiff failed to raise question of fact as to whether mark acquired secondary meaning, evidence showed little proof of advertising using the mark). All the parties involved in this case share the name "Burris" and there was no evidence the defendants intentionally copied the word "Burris." " 'Selection of a mark with a common surname naturally entails a risk of some uncertainty and the law will not assure absolute protection.' " *Chase Fed. Sav. and Loan Ass'n*, 681 F.Supp. at 785 (quoting *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1231 (3d Cir.1978)).

[¶ 24] While BCP used the word "Burris" as part of its business name, BCP failed to present sufficient evidence to create a material issue of fact that it has used the mark "Burris" in connection with its goods or services and that the mark has achieved secondary meaning. We conclude as a matter of law BCP does not own any rights to the mark "Burris (the word)," and therefore the district court properly granted summary judgment dismissing BCP's statutory and common law trademark infringement claims.

[¶ 25] Under N.D.C.C. § 47–22–08, the secretary of state shall cancel a trademark registration if a district court finds the registrant is not the owner of the mark or the registration was improperly granted, or when a district court orders cancellation of a registration on any ground. The district court properly ordered the cancellation of BCP's trademark registration.

## IV

[¶ 26] BCP argues the district court erred in dismissing BCP's claims for infringement of a registered trade name and of a registered business name. BCP contends its registered corporate name receives protection under N.D.C.C. ch. 10–19.1, the Business Corporation Act, and N.D.C.C. ch. 47–25, which regulates trade names. BCP claims its registered corporate name, "Burris Carpet Plus, Inc.," is entitled to trade name protection under N.D.C.C. ch. 47–25 even though the name is not a registered trade name because N.D.C.C. ch. 10–19.1 and N.D.C.C. ch. 47–25 cross-reference each other, a registered corporate name automatically receives protection under the trade name statutes, its trade name and registered corporate name are nearly the same, and a corporation's true name cannot be registered as a trade name.

[¶ 27] The district court dismissed BCP's claim for infringement of a registered trade name, stating "BCP is precluded from arguing it owns the name/word 'Burris' as it has failed to set forth facts supportive of its claim of use and ownership of the name/word 'Burris' and the undisputed evidence is that BCP was not the first to use or display the word/name in the marketplace." The court further ruled BCP was not entitled to any relief under N.D.C.C. ch. 47–25 for registered trade names because BCP did not register its business name as a trade name under that chapter. The court also dismissed BCP's claim for infringement of a registered business name, determining the only remedy under N.D.C.C. ch. 10–19.1 applied to the use of the same or deceptively similar name by a corporation, none of the defendants are corporations, and therefore the statute does not apply.

## A

■ [¶ 28] Under N.D.C.C. § 10–19.1–13(1)(e), a corporate name may not be the same as or deceptively similar to:

(1) The name, whether foreign and authorized to do business in this state or domestic, unless there is filed with the articles a record that complies with subsection 3, of:

(a) Another corporation;

(b) A corporation incorporated or authorized to do business in this state under another chapter of this code;

(c) A limited liability company;

(d) A limited partnership;

(e) A limited liability partnership; or

(f) A limited liability limited partnership;

(2) A name the right to which is, at the time of incorporation, reserved in the manner provided in section 10–19.1–14, 10–32–11, 10–33–11, 45–10.2–11, 45–13–04.2, or 45–22–05;

(3) A fictitious name registered in the manner provided in chapter 45–11; or

(4) A trade name registered in the manner provided in chapter 47–25.

Section 10–19.1–13(7), N.D.C.C., provides a cause of action for when a corporate name is the same as or deceptively similar to the name of another business entity or a trade name, stating:

a court in this state may, upon application of the state or of an interested or affected person, enjoin the corporation from doing business under a name assumed in violation of this section, although its articles may have been filed with the secretary of state and a certificate of incorporation issued.

Section 10–19.1–13(7), N.D.C.C., provides a remedy when a corporation has violated the law by choosing a corporate name that is the same as or deceptively similar to the

name of another business entity or trade name, among others. Section 10–19.1–13(7), N.D.C.C., provides a remedy to a business entity whose business name or trade name a corporation has infringed. This provision does not apply in this case because none of the Burrises are corporations. The district court properly dismissed BCP's claim for infringement of a registered business name.

### B

■ [¶ 29] Trade names can be registered and receive protection under N.D.C.C. ch. 47–25. Under N.D.C.C. ch. 47–25, a trade name is:

a name assumed to identify the business or activities of an individual or organization and which does not include in the name:

(1) The true name of the organization using the name;

(2) The first name and surname of each individual using the business name; or

(3) The surname of each individual, repeating a surname if more than one owner has the same surname.

N.D.C.C. § 47–25–01(1). Chapter 47–25, N.D.C.C., creates a cause of action to allow a person or an organization with a registered trade name to bring a civil suit to prohibit another person from using the registered name. *See* N.D.C.C. § 47–25–01(2).

■ [¶ 30] BCP contends its corporate name receives trade name protection under N.D.C.C. ch. 47–25 because it is a registered corporation. BCP claims it could not register its name as a trade name because a trade name cannot be the true name of the organization using the name. However, BCP has misinterpreted the statute. A person or organization cannot do business in this state under a trade name unless the trade name is registered. N.D.C.C. § 47–25–02. If a business's or organization's name is a trade name under N.D.C.C. § 47–25–01(1), the name must be registered. A name that is not a trade name because it is the true name of an organization, the first name and surname of each individual using the business name, or is the surname of each individual using the business may be registered as a trade name, but registration is not required. N.D.C.C. § 47–25–01(4). Although BCP is not required to register its name as a trade name, it may register its name as a trade name to receive the protections of the trade name statutes. "Burris Carpet Plus, Inc.," is BCP's true name, and BCP could have registered that name or the name "Burris Carpet Plus" as a trade name to receive the statutory protections. *See* N.D.C.C. § 47–25–01(4); *see also* N.D.C.C. § 47–25–03 (a trade name may not contain the words "corporation" or "incorporated" unless the owner of the trade name is a corporation). BCP does not have a registered trade name under N.D.C.C. ch. 47–25.

■ [¶ 31] Although N.D.C.C. ch. 47–25 provides for registration of a trade name, like statutory trademark law, the trade name provisions do not provide the underlying substantive law protecting a trade name from infringement. The substantive law protecting a trade name from infringement stems from common law. *KAT*, 1997 ND 21, ¶ 6, 560 N.W.2d 203. Claims for trade name infringement may be made based on the common law and a trade name does not have to be registered to receive protection. *See id.* BCP did not claim it was entitled to common law trade name protection, but claimed the Burrises infringed upon its registered trade name. Because BCP does not have a registered trade name and is only claiming infringement of a registered trade name under N.D.C.C. ch. 47–25, the dis-

trict court properly dismissed BCP's trade name claim.

[¶ 32] To the extent BCP did raise a common law trade name infringement claim, the claim is without merit. BCP's common law claims were limited to infringement of the word "Burris." Ownership rights in a trade name accrue when it is used or displayed in the marketplace. *KAT*, 1997 ND 21, ¶ 8, 560 N.W.2d 203. To the extent BCP argues it has ownership of the word "Burris" for purposes of its trade name infringement claim, we have held BCP failed to present any evidence it used the word "Burris," and therefore it does not own the trade name "Burris" and its claim fails.

## V

[¶ 33] BCP argues the district court erred in dismissing its false designation of origin and unfair competition claims, ruling the court did not have jurisdiction. BCP contends state courts have concurrent jurisdiction over federal false designation of origin and unfair competition claims under the Lanham Act, 15 U.S.C. § 1125.

[¶ 34] The district court granted the Burrises' motions for summary judgment dismissing BCP's false designation of origin and unfair competition claims. The court determined 15 U.S.C. § 1125(a)(1) of the Lanham Act provides for a civil action for false designation of origin, the state court does not have jurisdiction to determine a federal claim, and there is no similar North Dakota statute authorizing such a claim or cause of action in state court. The court dismissed BCP's common law unfair competition claim because there was no caselaw authorizing a separate cause of action for common law unfair competition. The court also noted BCP's unfair competition claim was based upon the unauthorized use of the "Burris" trademark, and because BCP does not own a valid trade-

mark for the word "Burris," its unfair competition claim fails.

## A

[¶ 35] Under 15 U.S.C. § 1121(a), federal courts have original jurisdiction over all claims arising under the Lanham Act. The federal courts do not have exclusive jurisdiction, and state courts have concurrent jurisdiction. *See, e.g., Verizon Commc'n, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 873 (8th Cir.2002); *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1394 (11th Cir.1996); *Duggan's Funeral Serv., Inc. v. Duggan's Serra Mortuary, Inc.*, 80 Cal. App.4th 151, 95 Cal.Rptr.2d 253, 257 (2000). The district court erred in concluding it did not have jurisdiction to decide BCP's federal unfair competition and false designation of origin claim.

[¶ 36] Section 43(a) of the Lanham Act creates a civil action for unfair competition and false designation of origin:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
>
> . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

[¶ 37] The Lanham Act false designation of origin provision goes beyond

trademark protection, but is not a federal codification of all unfair competition law and only applies to the trade practices prohibited in its text. *See Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 28–29, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). A mark does not have to be federally registered for this provision of the Lanham Act to apply. *See Two Pesos,* 505 U.S. at 768, 112 S.Ct. 2753. However, when trademark infringement is alleged, the plaintiff must be able to show it has a prior right to the mark. *Id.; see also Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F.3d 1188, 1193 (11th Cir.2001).

 [¶ 38] In this case, BCP claimed the Burrises falsely designated and misrepresented the origin of their services as those of BCP by using the name "Burris" in connection with flooring sales and services. BCP's claim was based on the Burrises' unauthorized use of the "Burris" trademark. BCP does not own a valid trademark for the word "Burris." We conclude the district court properly dismissed BCP's false designation of origin and unfair competition claim.

### B

 [¶ 39] The district court dismissed BCP's common law unfair competition claim because it did not find any North Dakota case law recognizing or authorizing a separate unfair competition cause of action. Although this Court has never had occasion to address a common law unfair competition claim, we have said, " '[w]here there is no express constitutional or statutory declaration upon the subject the common law is applied.' " *In re Estate of Conley,* 2008 ND 148, ¶ 25, 753 N.W.2d 384 (quoting *Tarpo v. Bowman Pub. Sch. Dist.,* 232 N.W.2d 67, 70 (N.D. 1975)). *Cf.* N.D.C.C. § 1–01–06 (no common law where law is declared by statute). Furthermore, we have reversed district

court decisions when the court failed to apply common law because there was not any North Dakota case law recognizing the common law. *See Conley,* at ¶¶ 25–27 (reversing a district court decision that said common law did not apply until North Dakota Supreme Court recognized it and holding the common law applies when there is no express law and common law comes from various sources, including other federal and state courts). In this case, there is no statutory law addressing unfair competition, and therefore common law applies. The district court erred in dismissing BCP's common law unfair competition claim based on its conclusion that a separate cause of action does not exist in North Dakota.

 [¶ 40] However, the court also ruled that even if there was a separate cause of action, BCP's claim would fail because it is based on its claim of ownership of a valid trademark for the word "Burris." Common law can be derived from the decisions of other state and federal courts. *Conley,* 2008 ND 148, ¶ 26, 753 N.W.2d 384. The essential elements are generally the same for Lanham Act and common law claims of unfair competition. *See e.g., Natural Answers, Inc. v. SmithKline Beecham Corp.,* 529 F.3d 1325, 1333 (11th Cir.2008); *Lamparello v. Falwell,* 420 F.3d 309, 312 n. 1 (4th Cir.2005); *Donchez v. Coors Brewing Co.,* 392 F.3d 1211, 1219 (10th Cir.2004). Both common law and the Lanham Act require the plaintiff to have a valid and protectable mark. Because BCP does not own a valid trademark or service mark for the word "Burris," its common law unfair competition claim also fails.

### VI

 [¶ 41] BCP argues the district court erred in dismissing its civil conspiracy claim. BCP claims the Burrises used

unregistered trade names, committing an unlawful act and capitalizing on BCP's name and reputation.

[¶ 42] Civil conspiracy is:

a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damages.

*Peterson v. North Dakota Univ. Sys.*, 2004 ND 82, ¶ 27, 678 N.W.2d 163 (quoting *Hurt v. Freeland*, 1999 ND 12, ¶ 37, 589 N.W.2d 551). Although criminal and civil conspiracy have similar elements, the distinguishing factor between the two is that damages are the essence of a civil conspiracy and the agreement is the essence of a criminal conspiracy. *Peterson*, at ¶ 27. There can be no damages if there is not an unlawful act. *Estate of Wenzel–Mosset v. Nickels*, 1998 ND 16, ¶ 38, 575 N.W.2d 425.

[¶ 43] The district court dismissed BCP's civil conspiracy claim because BCP failed to present any evidence of commission of an unlawful act or a lawful act by unlawful means. The court said:

BCP contends that the Defendants formed a plan and agreement to sell carpet in direct competition with the Plaintiff using the same name, and that the Defendants intended to harm BCP by running it out of business. . . . One of the unlawful acts complained of by BCP is the Defendants' alleged unlawful use of BCP's trademark "Burris" and unlawful use of a deceptively similar name to "Burris Carpet Plus". As addressed previously herein, BCP does not own a valid trademark or trade name entitled to protection under North Dakota law and the Defendants have committed no unlawful act in using the name

"Burris" in their various business names.

[¶ 44] On appeal, BCP claims the Burrises committed the unlawful act of using the unregistered trade names of "Burris Carpet" and "Burris Carpet Sales," which BCP argues could not be registered without its permission. BCP claims the Burrises' actions were unlawful under N.D.C.C. § 47–25–02, which states, "[a] person or organization may not engage in business in this state under a trade name until the trade name is registered with the secretary of state." BCP contends the Burrises' actions would have been lawful if they had registered their trade names.

[¶ 45] BCP's claim fails as a matter of law. Generally, the underlying act itself must be actionable as a tort claim to support a claim for civil conspiracy. *See Peterson*, 2004 ND 82, ¶ 27, 678 N.W.2d 163 (underlying act was not a tort and could not support a claim for civil conspiracy); *see also Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709–10 (5th Cir.2009) (without the underlying independent tortious conduct there is no actionable civil conspiracy claim); *In re North Dakota Personal Injury Asbestos Litigation No. 1*, 737 F.Supp. 1087, 1095 (D.N.D.1990) (for a civil conspiracy to exist one party must commit an act in pursuance of the agreement that is itself a tort). Dismissal of the underlying tort claim defeats the related claim for civil conspiracy. *See Peterson*, at ¶ 27; *see also Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709–10 (5th Cir.2009).

[¶ 46] BCP has failed to establish an underlying tort. BCP's trademark, trade name, and unfair competition claims were properly dismissed. Although BCP also claims the defendants actions were unlawful under N.D.C.C. § 47–25–02 because the defendants did not register their trade names, this is not an actionable tort claim,

and therefore it cannot support a claim for civil conspiracy. Moreover, the Burrises were not required to register the names of their businesses as trade names because their surnames were included in the businesses' names. *See* N.D.C.C. § 47–25–01(1) (a trade name for purposes of N.D.C.C. ch. 47–25 is a name used to identify a business which does not include the business owner's surname); *see also Hearing on H.B. 1422 Before the House Judiciary Comm.*, 57th N.D. Legis. Sess. (Feb. 13, 2001) (written testimony of Rep. Kim Koppelman that businesses using the owner's last name would not be required to register their name as a trade name and providing "Olson Lawn Service" as an example).

[¶ 47] BCP failed to present any evidence the Burrises committed an unlawful act or a lawful act by unlawful means. The district court properly dismissed BCP's conspiracy claim.

## VII

██ [¶ 48] BCP argues the district court improperly limited the scope of discovery in this matter and erroneously dismissed the outstanding discovery issues as moot. BCP claims it had problems obtaining discovery from the Burrises, including customer lists, job tickets, invoicing, purchases, and sales. BCP argues there is little evidence to support the Burrises' position that they are running legitimate businesses and were using the name "Burris" prior to BCP's use, and it was impossible for the court to render judgment in the Burrises' favor because of the lack of evidence. BCP contends the information it requested was relevant, may have been used to prove the defendants are not operating the businesses they claim, and would have supported BCP's position.

██ [¶ 49] A district court has broad discretion over the scope of discovery, and the court's discovery decisions will not be reversed on appeal absent an abuse of discretion. *Martin v. Trinity Hosp.*, 2008 ND 176, ¶ 17, 755 N.W.2d 900. A party alleging the court abused its discretion has a heavy burden:

An abuse of discretion by the district court is never assumed, and the burden is on the party seeking relief affirmatively to establish it. The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.

*Id.* (quoting *Nesvig v. Nesvig*, 2006 ND 66, ¶ 12, 712 N.W.2d 299).

[¶ 50] The district court did not abuse its discretion in dismissing the outstanding discovery issues as moot. BCP claims the Burrises were not operating legitimate businesses under the names they claimed they were using. However, resolving this factual issue would not change the result in this case. BCP failed to show it has an actionable interest in the word "Burris," and therefore its claims fail. We conclude the district court did not abuse its discretion.

## VIII

██ [¶ 51] The Burrises cross-appealed, requesting costs and attorney's fees for the appeal and arguing the district court erred in denying their requests for costs and attorney's fees. The Burrises contend BCP's claims were frivolous and there was a complete absence of actual facts or law to support its claims.

██ [¶ 52] A prevailing party in a civil action may be awarded attorney's fees under N.D.C.C. § 28–26–01(2), which provides:

In civil actions the court shall, upon a finding that a claim for relief was frivo-

lous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. An award of costs and attorney's fees under N.D.C.C. § 28–26–01 is in the court's discretion, and a court's decision whether to award costs and attorney's fees will not be reversed on appeal absent an abuse of that discretion. *Deacon's Dev., LLP v. Lamb*, 2006 ND 172, ¶ 12, 719 N.W.2d 379.

[¶ 53] Here, the district court denied the defendants' requests, reasoning:

> this Court cannot find that all of BCP's claims or counts are frivolous. Though this Court is summarily dismissing all of BCP's claims, this Court cannot find that BCP's claims are so lacking in basis that a reasonable person could not have thought a Court would render judgment in BCP's favor. BCP raised significant issues with regard to its claim of a valid trademark and trade name and upon which its conspiracy claim and some of its other claims were partially based, so that this Court cannot find that BCP's claims are frivolous.

[¶ 54] "'Authorizations of attorney's fees for frivolous claims are not meant to chill enthusiasm and creativity in pursuing factual or legal theories, and a court should not use the wisdom of hindsight to determine whether claims are frivolous.'" *Strand v. Cass County*, 2008 ND 149, ¶ 11, 753 N.W.2d 872 (quoting *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 84–85 (N.D.1991)). When the law is unclear or unsettled on a particular claim it is more likely a party might rea-

sonably expect to prevail on that claim. *Strand*, at ¶ 11.

[¶ 55] Many of the issues raised in this case were colorable issues of first impression in this jurisdiction. *Cf. In re O.F.*, 2009 ND 177, ¶ 17, 773 N.W.2d 206 (appeal was not frivolous and request for attorney's fees under N.D.R.App.P. 38 was denied because issues raised were colorable questions of first impression). BCP's claims are not so lacking that a reasonable person could not have thought a court would render judgment in BCP's favor. The district court did not abuse its discretion.

[¶ 56] Under N.D.R.App.P. 38, this Court may award costs, including attorney's fees, if it determines an appeal is frivolous. "'An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith.'" *Lucas v. Porter*, 2008 ND 160, ¶ 28, 755 N.W.2d 88 (quoting *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 19, 718 N.W.2d 586). BCP's appeal is not flagrantly groundless, devoid of merit, and does not demonstrate persistence in the course of litigation which could be seen as evidence of bad faith. We conclude BCP's appeal is not frivolous, and therefore deny the defendants' requests for costs and attorney's fees on appeal.

IX

[¶ 57] We affirm the district court's judgment dismissing BCP's action against the Burrises.

[¶ 58] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.