Filed 8/17/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 159

In the Matter of the Estate of Robert W. Cashmore, Deceased 

Thain M. Cashmore, individually, 

as Personal Representative of the 

Estate of Robert W. Cashmore and 

as Trustee of the Robert Cashmore Trust, 

Bourck D. Cashmore, individually and 

as Trustee of the Robert Cashmore Trust, Appellants

v.

Trudy L. Cashmore, Tricia L. Cashmore, 

and Kendra A. Cashmore, Appellees

No. 20090315

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Clark Jay Bormann (argued), P.O. Box 995, Bismarck, N.D. 58502-0995, for appellant Thain M. Cashmore, as personal representative.

Kent A. Reierson (argued) and Kirsten Marie Sjue (on brief), P.O. Box 1206, Williston, N.D. 58802-1206, for appellants Thain M. Cashmore and Bourck D. Cashmore, individually and as trustees.

Carol K. Larson (argued), P.O. Box 1000, Minot, N.D. 58702-1000, for appellees.

Estate of Cashmore

No. 20090315

Sandstrom, Justice.

[¶1] Thain and Bourck Cashmore appealed from a district court order denying a motion to approve amended final report and account and proposed distribution in the estate of Robert Cashmore.  We affirm, concluding the district court did not abuse its discretion in denying the motion or in allowing additional personal representative’s fees and attorney’s fees in an amount less than requested.

I

[¶2] Robert Cashmore died in 2002.  Thain and Bourck Cashmore are adult children from Robert Cashmore’s first marriage, which ended in divorce. Trudy Cashmore is Robert’s second wife, and Tricia and Kendra Cashmore are Robert and Trudy’s children.

[¶3] After Robert’s death, Thain Cashmore applied for probate of Robert’s will and to be appointed personal representative.  Extensive litigation involving numerous contested estate issues followed, with Thain and Bourck Cashmore on one side and Trudy, Tricia, and Kendra Cashmore on the other.  Most of these contested issues were resolved by the district court in an order dated July 24, 2007.

[¶4] Thain Cashmore, as personal representative, filed a motion to approve final report and account and proposed distribution on March 20, 2008.  On April 7, 2008, Thain Cashmore filed a final report and account and proposed distributions (“final report”) which listed the assets of the estate and proposed distributions.  This final report showed a balance in the estate of $72,598.56.  Trudy, Tricia, and Kendra Cashmore objected to certain portions of the final report, and a hearing on the motion to approve the final report was held on August 5, 2008.

[¶5] Between October and December 2008 there was extensive correspondence among the district court and the attorneys for the parties regarding the proposed findings of fact, conclusions of law, and order for judgment.  All parties were given the opportunity to, and did, present objections and suggestions to the proposed findings, conclusions, and order.  The district court’s findings of fact, conclusions of law, and order for judgment were filed on January 21, 2009, and judgment was entered on March 2, 2009.  The judgment approved the final report with certain enumerated adjustments.

[¶6] Notice of entry of judgment was served on April 3, 2009.  On April 13, 2009, Thain Cashmore filed a motion to approve amended final report and account and proposed distribution (“amended final report”).  This amended final report purportedly showed changes to the final accounting resulting from changes the district court had ordered in the March 2, 2009, judgment, as well as changes in the value of certain items of estate property which had occurred since the filing of the original final report in April 2008.  In particular, Thain and Bourck Cashmore contended that five vehicles and certain stock that belonged to the estate were sold after the August 5, 2008, hearing, but before entry of judgment, and brought less than their appraised value as listed in the original final report.  The proposed amended final report also sought $2,502.13 in additional personal representative’s fees, $9,965.20 in additional attorney’s fees, and $8,000 in estimated additional fees to close the estate.  The ultimate effect of the proposed amended final report was that, rather than showing a $72,000 balance in the estate, the estate had a zero balance and would not be able to pay Trudy Cashmore the amounts the district court had ordered the estate to pay her in the original judgment.

[¶7] Trudy, Tricia, and Kendra Cashmore objected to the amended final report, arguing the prior judgment was final.  After a hearing, the district court issued an order denying the motion to approve the amended final report and ordered the estate to pay Trudy Cashmore $6,377.83, as required by the original judgment, wihin ten days.  The court also allowed $1,250 in additional personal representative’s fees and $1,500 in additional attorney’s fees. Thain and Bourck Cashmore appealed.

[¶8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 30.1-02-02.  The appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28-27-

01 and 30.1-02-06.1.

II

[¶9] Thain and Bourck Cashmore contend the district court abused its discretion under N.D.C.C. § 30.1-21-01(1) in denying the motion to approve the amended final report.  Section 30.1-21-01(1) provides:

A personal representative or any interested person may petition for an order of complete settlement of the estate.  The personal representative may petition at any time, and any other interested person may petition after one year from the appointment of the original personal representative, except that no petition under this section may be entertained until the time for presenting claims which arose prior to the death of the decedent has expired.  The petition may request the court to determine testacy, if not previously determined, to consider the final account or compel or approve an accounting and distribution, to construe any will or determine heirs and adjudicate the final settlement and distribution of the estate.  After notice to all interested persons and hearing the court may enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate, and, as circumstances require, approving settlement and, after receiving satisfactory evidence of payment of any estate tax due, directing or approving distribution of the estate and discharging the personal representative from further claim or demand of any interested person.

[¶10] Thain and Bourck Cashmore argue that because the statute specifies “the court may enter an order or orders,” the district court may entertain multiple petitions for approval of a final accounting, allowing the parties to seek approval of an “Amended Final Report” after the court has already entered a final judgment approving a prior final report and ordering distribution.  Thain and Bourck Cashmore summarized their position in their brief on appeal:

Although N.D.C.C. § 30.1-21-01(1) does not specifically address the issue of approving an amended final accounting, the plain language indicates that more than one order may be appropriate, as required by the circumstances of the case, to approve settlement and distribution of the estate.  Here, where the original final accounting was almost a year old by the time judgment was entered upon it, and the ultimate balance of the estate had changed significantly during that time, submission of an amended final accounting for approval by the district court was required by the circumstances, both for the benefit of the district court and all interested parties in the estate.

[¶11] The only authority cited in support of this unique argument is 
In re Estate of Leslie
, 886 P.2d 284 (Colo. Ct. App. 1994).  Thain and Bourck Cashmore note the Colorado court considered a “supplementary order of final settlement and distribution,” which followed an original order of final settlement and distribution entered more than a year earlier.  
Id.
 at 285.  There was no issue raised in 
Leslie
, however, regarding the appropriateness of entering a second order approving final settlement, and the court did not mention Colorado’s version of § 3-1001 of the Uniform Probate Code, upon which N.D.C.C. § 30.1-21-01 is based.  Furthermore, the fact situation in 
Leslie
 is entirely distinguishable from this case.  In 
Leslie
, the original order approving final settlement noted that other related litigation was pending and expressly authorized the personal representative to “hold up” final distribution and “apply to this Court for an additional Order or Orders regarding the payment and burden of additional expense.”  
Leslie
, at 286.  The “supplementary order” resolved the issue of these additional expenses.  Thus, in 
Leslie
, the original order was not intended by the court or the parties to be final, and further proceedings and orders were expressly envisioned.

[¶12] There is no indication in this case that the district court did not intend its March 2, 2009, judgment to be final.  Thain Cashmore, as personal representative, moved for an order approving a “Final Report and Account and Proposed Distributions.”  Judgment was entered resolving the remaining disputes between the parties and approving distribution of all estate property.  Thain and Bourck Cashmore do not point to anything in the record demonstrating they advised the court other issues would be raised or further proceedings were anticipated.  The district court entered a final judgment, and 
Leslie
 is inapposite.

[¶13] Nor do we agree with Thain and Bourck Cashmore’s interpretation of N.D.C.C. § 30.1-21-01(1).  Although the statute notes the court may issue “an order or orders” resolving the petition, we do not read this language as authorizing attempts to change the distribution ordered in a prior final judgment approving a final accounting and distribution.  The relevant statutes clearly envision a final resolution of the estate.  For example, N.D.C.C. § 30.1-16-05 directs that, “[u]nless otherwise ordered by the court, supervised administration is terminated by order in accordance with time restrictions, notices, and contents of orders prescribed for proceedings under section 30.1-21-01.”  Similarly, the Editorial Board Comment to N.D.C.C. § 30.1-21-02 notes that “Section 30.1-21-01 permits a final determination of the rights between each other and against the personal representative of all persons interested in an estate.”  The finality and res judicata effect of an order closing an estate under N.D.C.C. § 30.1-21-01 are noted in the Editorial Board Comment to N.D.C.C. § 30.1-

01-03:

Any action under this section is subject to usual rules of res judicata; thus, if a forged will has been informally probated, an heir discovers the forgery, and then there is a formal proceeding under section 30.1-21-01 of which the heir is given notice, followed by an order of complete settlement of the estate, the heir could not bring a subsequent action under section 30.1-01-03 but would be bound by the litigation in which the issue could have been raised.

See also
 
In re Estate of Ketterling
, 515 N.W.2d 158, 164 (N.D. 1994).  Furthermore, “[a]n order closing an estate as provided in section 30.1-21-01 . . . terminates an appointment of a personal representative.”  N.D.C.C. § 30.1-17-10(2).  The Editorial Board Comment to N.D.C.C. § 30.1-21-03 clarifies:

The word “closing” refers to circumstances which support the conclusions that the affairs of the estate either are, or have been alleged to have been, wound up.  If the affairs of the personal representative are reviewed and adjudicated under either sections 30.1-21-01 or 30.1-21-

02, the judicial conclusion that the estate is wound up serves also to terminate the personal representative’s authority.

In addition, N.D.C.C. ch. 30.1-21 expressly provides a procedure for subsequent administration if additional property of the estate is discovered after the estate has been closed.  
See
 N.D.C.C. § 30.1-21-08.  This provision would be rendered mere surplusage if, as Thain and Bourck Cashmore assert, the language “order or orders” in N.D.C.C. § 30.1-21-01(1) authorizes any interested party to file a petition to approve an amended final report after a prior final report has been approved and a final judgment or order entered.

[¶14] We do not believe it was the legislature’s intent to create a procedure allowing successive petitions for approval of amended final accountings under N.D.C.C. § 30.1-21-01(1).  Rather, we construe the legislature’s use of the phrase “order or orders” as recognizing that a district court presented with a petition for an order of complete settlement of an estate is not limited to resolving all issues in a single order, but, “on appropriate conditions,” may bifurcate the issues and enter multiple orders, culminating in a final judgment or order closing the estate.  
See
 N.D.C.C. § 30.1-21-

01(1).  The statute authorizes only multiple orders, not successive petitions.  Once a final judgment or order has been entered approving a final accounting and distribution under N.D.C.C. § 30.1-21-01(1), the estate proceedings are concluded, and the parties are not authorized to file a petition to approve an amended final accounting under the statute.

[¶15] Thain and Bourck Cashmore argue the district court abused its discretion in denying the motion to approve the amended final report because an amended accounting was necessary to demonstrate the actual effect of the prior judgment.  The prior judgment, however, did not need clarification.  The district court had approved the proposed final report with certain enumerated changes.  The effect of those changes upon the overall distribution of the estate was easily calculable and self-explanatory, and did not require entry of a new judgment to, as Thain and Bourck Cashmore argued, “effectuate the judgment of the district court.”

[¶16] Thain and Bourck Cashmore also argued an amended accounting was necessary to demonstrate the change in value of the vehicles and stock while the original motion was pending.  Thain and Bourck Cashmore, however, had ample opportunity to draw those matters to the court’s attention before judgment was entered.  When there is a substantial, unanticipated change in the value of an asset after trial but before distribution of the property, the proper remedy is a motion to reopen to present additional evidence at a hearing.  
See
 
Larson v. Larson
, 1998 ND 156, ¶¶ 14-15, 582 N.W.2d 657; 
Grinaker v. Grinaker
, 553 N.W.2d 204, 209 (N.D. 1996).  In this case, the vehicles were sold in September 2008.  The disputed stock was sold sometime after the August 2008 hearing and before entry of judgment.  Thain and Bourck Cashmore could have called to the district court’s attention the alleged discrepancy in values through a motion to reopen, but instead participated in ongoing discussions regarding the proposed findings of fact, conclusions of law, and order for judgment without mentioning any alleged problems with property valuations.  Thain and Bourck Cashmore allowed the district court to enter a final judgment approving the final report and ordering distribution, then shortly thereafter filed a motion to approve an amended final report incorporating the “new” values of the disputed property.  Thain and Bourck Cashmore failed to employ the appropriate available remedy.

[¶17] Under the circumstances presented in this case, we conclude the district court did not abuse its discretion in denying the motion to approve the amended final report.

III

[¶18] Thain and Bourck Cashmore contend the district court abused its discretion when it allowed additional personal representative’s fees and attorney’s fees in an amount less than requested.

[¶19] A personal representative is entitled to reasonable compensation for his services.  N.D.C.C. § 30.1-18-19; 
In re Estate of Gleeson
, 2002 ND 211, ¶ 21, 655 N.W.2d 69.  The review of fees paid or taken by the personal representative is left to the sound discretion of the district court.  
In re Estate of Peterson
, 1997 ND 48, ¶ 18, 561 N.W.2d 618.  We will not overturn the district court’s decision on a personal representative’s reasonable compensation absent a showing of an abuse of discretion.  
Id.

[¶20] The personal representative is authorized to hire attorneys to assist in administration of the estate and to defend or prosecute proceedings.  
See
 N.D.C.C. §§ 30.1-18-15(21) and 30.1-18-20.  The district court is considered an expert in determining the value of reasonable attorney’s fees for services rendered to an estate.  
Gleeson
, 2002 ND 211, ¶ 23, 655 N.W.2d 69; 
Peterson
, 1997 ND 48, ¶ 29, 561 N.W.2d 618.  The determination of the reasonable amount of attorney’s fees to be allowed is left in the sound discretion of the district court, and we will not reverse the district court’s determination on attorney’s fees absent a clear abuse of discretion.  
Gleeson
, at ¶ 21; 
Peterson
, at ¶ 24.

[¶21] A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  
In re Estate of Allmaras
, 2007 ND 130, ¶ 12, 737 N.W.2d 612.  An abuse of discretion by the district court is never assumed, and the burden is on the complaining party to affirmatively establish an abuse of discretion.  
Burris Carpet Plus, Inc. v. Burris
, 2010 ND 118, ¶ 49, 785 N.W.2d 164; 
Martin v. Trinity Hosp.
, 2008 ND 176, ¶ 17, 755 N.W.2d 900.  The party seeking relief must show more than that the district court made a “poor” decision, but that it positively abused the discretion it has.  
Martin
, at ¶ 17; 
Gonzalez v. Tounjian
, 2004 ND 156, ¶ 10, 684 N.W.2d 653.  We will not overturn the district court’s decision merely because it is not the decision we may have made had we decided the motion.  
Martin
, at ¶ 17; 
Gonzalez
, at ¶ 10.

[¶22] In the motion to approve the amended final report, Thain Cashmore sought $2,502.13 in additional personal representative’s fees, $9,965.20 in additional attorney’s fees, and $8,000 in estimated additional fees to close the estate.  Thain Cashmore did not present any invoices, statements, cancelled checks, itemizations, or other documentation substantiating the requested fees.  The district court allowed $1,250 in additional personal representative’s fees and $1,500 in additional attorney’s fees.  Under the circumstances presented in this case, we conclude that Thain and Bourck Cashmore failed to meet their burden to affirmatively establish that the district court abused its discretion in determining a reasonable amount of additional personal representative’s fees and attorney’s fees.

IV

[¶23] Trudy, Tricia, and Kendra Cashmore contend this appeal is frivolous and request an award of attorney’s fees for defending the appeal.

[¶24] Under N.D.R.App.P. 38, “[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney’s fees.”  An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation that could be seen as evidence of bad faith.  
E.g.
, 
Burris
, 2010 ND 118, ¶ 56, 785 N.W.2d 164; 
Edwards v. Edwards
, 2010 ND 2, ¶ 15, 777 N.W.2d 606.  We conclude Thain and Bourck Cashmore’s appeal is not frivolous, and we deny the request for attorney’s fees.

V

[¶25] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The order denying the motion to approve amended final report and account and proposed distribution is affirmed.

[¶26] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.