Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 73

Northern Oil & Gas, Inc., a Nevada Corporation, Plaintiff and Appellant

v.

Morris J. Creighton, Defendant

and

Murex Petroleum Corporation, a Delaware corporation, 

John H. Holt; LBK Sales and Service Inc., a North Dakota 

corporation; Racer Oil & Gas, LC; and Double L, LLC, 

a Colorado limited liability company, Defendants, Third Party

Plaintiffs and Appellees

v. 

Brian Gunderson and Holly Gunderson, Third Party Defendants

and Appellees

No. 20120420

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Amy L. De Kok (argued), Jillian R. Rupnow (appeared) and Lawrence Bender (on brief), P.O. Box 1855, Bismarck, N.D. 58502-1855, for plaintiff and appellant.

Jacob D. Marburger, P.O. Box 1526, Williston, N.D. 58802-1526, for defendants, third party plaintiffs and appellees Double L, LLC, John H. Holt, LBK Sales & Service Inc., Racer Oil & Gas, LC, and Murex Petroleum Corporation.

Tom P. Slorby (appeared), P.O. Box 3118, Minot, N.D. 58702-3118, for third party defendants and appellees Brian Gunderson and Holly Gunderson.

Northern Oil & Gas, Inc. v. Creighton

No. 20120420

Maring, Justice.

[¶1] Northern Oil & Gas, Inc. (“Northern”) appeals from a judgment ordering reformation of an oil and gas lease and quieting title to the oil and gas leasehold estate in Murex Petroleum Corporation, John H. Holt, LBK Sales & Service, Inc., Racer Oil & Gas, LC, and Double L, LLC (collectively “Murex”).  We conclude the district court erred in concluding, as a matter of law, that Creighton was not a good faith purchaser and we hold that there is a question of fact whether Creighton had constructive notice when he acquired rights under the lease.  We reverse the judgment and remand for further proceedings. 

I

[¶2] Brian and Holly Gunderson own certain real property in Mountrail County.  In October 2004, the Gundersons entered into an oil and gas lease with Holt.  The lease described the covered property as:

Township 155 North, Range 91 West

Section 25: S/2NE/4, S/2SE/4

Section 26: NE/4, SE/4SW/4

Section 35: E/2NW/4, SW/4NW/4

The lease was recorded in the Mountrail County Recorder’s Office in November 2004.  In February 2005, Holt assigned all of his interest in the lease, with the exception of an overriding royalty interest, to Murex Petroleum, LBK Sales & Service, Racer Oil & Gas, and Double L.  The assignment was recorded in the Mountrail County Recorder’s Office in April 2005.

[¶3] In November 2007, Alan Bradshaw, a landman working for Morris J. Creighton, determined the Gundersons owned unleased minerals.  On approximately November 23, 2007, Bradshaw contacted the Gundersons about leasing the minerals.  On November 25, 2007, the Gundersons and Creighton signed an oil and gas lease for the property described as:

TOWNSHIP 155 North Range 91 West
:

Section 25: N1/2SE1/4

The lease was recorded in the Mountrail County Recorder’s Office on January 30, 2008.

[¶4] On December 21, 2007, Holt recorded an affidavit in the Mountrail County Recorder’s Office, which stated there was a mistake and typographical error in the property description in the Holt lease.  Holt claimed “Section 25: S/2NE/4, S/2SE/4 should have been described as Section 25: S/2NE/4, N/2SE/4” and the Gundersons “own no interest in the Section 25: S/2SE/4 as described in this oil and gas lease when it included the typographical error.”  Holt claimed his lease remains in effect and includes Section 25: N/2SE/4.

[¶5] On April 2, 2008, Creighton assigned his interest in the Creighton lease, with the exception of an overriding royalty interest, to Antares Exploration Fund, L.P.  The assignment was recorded on April 15, 2008.  On April 14, 2008, Antares assigned its interest in the Creighton lease to Northern.  The assignment was recorded on May 8, 2008.  

[¶6] In February 2009, Northern brought an action to quiet title against Creighton and Murex and to determine the rights of the parties to the oil and gas leasehold estate in and under the property described as:

Township 155 North, Range 91 West

Section 25: N/2SE/4 

Murex filed a third-party complaint against the Gundersons, a cross-claim against Creighton, and a counterclaim against Northern.  

[¶7] Murex moved for partial summary judgment seeking reformation of the Holt lease, claiming a mutual mistake had been made in the legal description of the land in the Holt lease, the parties intended the lease to cover the property that was the subject of the lawsuit, and Creighton had constructive notice of the mistake before he entered into the oil and gas lease with the Gundersons.  Northern also moved for summary judgment, arguing the property at issue was not included in the Holt lease, Creighton was a bona fide purchaser in good faith and for value, and both Northern and Creighton’s rights would be prejudiced if the Holt lease was reformed.  

[¶8] After oral argument, the district court denied both motions but decided some of the issues raised.  The court ruled Creighton, and therefore Northern, were not good faith or bona fide purchasers because Holt recorded an affidavit claiming there was a mistake in his oil and gas lease and the affidavit gave Creighton notice of Holt’s claim to the property prior to the recording of Creighton’s lease.  The court ruled the issue of whether there was a mutual mistake was a factual issue that could not be resolved on summary judgment.  The court ordered that the only issue of fact left to be determined at trial was whether there was a mutual mistake justifying reformation of Holt’s oil and gas lease.  

[¶9] The parties entered a stipulation agreeing there was a mutual mistake in the Holt lease and the Gundersons intended to lease all of their mineral acres to Holt, including the property that is the subject of the action.  Based on the parties’ stipulation, the court ordered the Holt lease be reformed to include the disputed property.  The court entered a judgment reforming the Holt lease and quieting title to the oil and gas leasehold estate in favor of Murex.

II

[¶10] “‘Summary judgment is a procedural device used to promptly resolve a controversy on the merits without a trial if either party is entitled to judgment as a matter of law and the material facts are undisputed or if resolving the disputed facts would not alter the result.’”  
Riedlinger v. Steam Bros., Inc.
, 2013 ND 14, ¶ 10, 826 N.W.2d 340 (quoting 
Burris Carpet Plus, Inc. v. Burris
, 2010 ND 118, ¶ 10, 785 N.W.2d 164).  The moving party bears the initial burden of showing there are no genuine issues of material fact in dispute and the case is appropriate for judgment as a matter of law.  
Riedlinger
, at ¶ 10.  If the motion is properly made and supported, the opposing party must set forth specific facts by presenting competent, admissible evidence, by affidavit or by directing the court to other evidence in the record, showing there is a genuine issue of material fact.  
Hale v. Ward Cnty.
, 2012 ND 144, ¶ 12, 818 N.W.2d 697.  “Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.”  
Riverside Park Condo. Unit Owners Ass’n v. Lucas
, 2005 ND 26, ¶ 8, 691 N.W.2d 862. 

[¶11] In deciding whether to grant summary judgment, the district court may consider the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence.  
Riedlinger
, 2013 ND 14, ¶ 10, 826 N.W.2d 340.  “‘Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts.’”  
Id.
 (quoting 
Burris Carpet Plus
, 2010 ND 118, ¶ 10, 785 N.W.2d 164).  “[T]he district court’s ‘role is limited to determining whether the evidence and inferences to be drawn therefrom, when viewed in the light most favorable to the party opposing summary judgment, demonstrate that there are no genuine issues of material fact.’”  
Farmers Union Oil Co. of Garrison v. Smetana
, 2009 ND 74, ¶ 10, 764 N.W.2d 665 (quoting 
Heng v. Rotech Med. Corp.
, 2004 ND 204, ¶ 34, 688 N.W.2d 389).  Deciding an issue on summary judgment is not appropriate if the court must draw inferences and make findings on disputed facts.  
Smetana
, at ¶ 10.  The court may not “weigh the evidence, determine credibility, or attempt to discern the truth of the matter . . . .”  
Id.

[¶12] Whether the district court has properly ruled on a motion for summary judgment is a question of law, which we review de novo on appeal.  
Riedlinger
, 2013 ND 14, ¶ 10, 826 N.W.2d 340.  In reviewing the court’s decision, we view the evidence in a light most favorable to the party opposing the motion and give the opposing party all favorable inferences.  
Id.
   

III

[¶13] Northern argues the court erred in finding Creighton was not a good faith purchaser.  Northern contends the court erred in considering whether Creighton had actual or constructive notice of the alleged mistake in the Holt lease when his lease was recorded and failed to determine whether Creighton had notice when he executed the lease. 

[¶14] 
Murex sought reformation of the lease under N.D.C.C. § 32-04-17, which allows for the reformation of a contract:

When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

Reformation is an equitable remedy used to rewrite a contract to conform to the parties’ actual intent.  
Smetana
, 2009 ND 74, ¶ 14, 764 N.W.2d 665.  If Creighton acquired his rights to the property in good faith and for value, reformation of Holt’s lease is not permitted because it will prejudice Creighton’s, and therefore Northern’s, rights.  
See
 N.D.C.C. § 32-04-17. 

[¶15] Good faith is “an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious.”  N.D.C.C. § 1-01-21.  A good faith purchaser must acquire rights without actual or constructive notice of another’s rights.  
Smetana
, 2009 ND 74, ¶ 16, 764 N.W.2d 665.  Actual notice consists of express information of a fact, N.D.C.C. § 1-01-23, and constructive notice is notice imputed by law to a person who does not have actual notice.  N.D.C.C. § 1-01-24.  A person who has “actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself.”  N.D.C.C. § 1-01-25.   Whether a party acted in good faith is a question of fact.  
Smetana
, at ¶ 15.

[¶16] The district court ruled Creighton, and therefore Northern, were not good faith purchasers because Creighton had notice of Holt’s claim before he recorded his lease:

The problematic situation, as argued by Murex here, is the Affidavit recorded by Holt describing the alleged mistake in the property description in the Holt/Gunderson lease. N.D.C.C. § 47-19-19 provides that “[t]he record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons.”  The recording of deeds, mortgages and instruments affecting title to real property is constructive notice to all purchasers and encumbrancers subsequent to the recording. 

. . . . 

The Court sees the chronology of events in this case as significant to the determination of whether Creighton was a bona fide purchaser.  Creighton’s agent, Alan Bradshaw, contacted the Gundersons about a lease of the subject land on or about November 23, 2007.  The Gundersons entered into a lease with Creighton on November 25, 2007.  Holt recorded his Affidavit of mistake on December 21, 2007.  The Creighton/Gunderson lease was recorded on January 30, 2008.  Creighton conveyed his interest in the Creighton/Gunderson lease to Antares, retaining an overriding royalty, on April 2, 2008.  Antares conveyed its interest in the Creighton/Gunderson lease to Northern on April 14, 2008. 

For whatever reason, there was more than a two month delay between the execution and recording of the Creighton/Gunderson lease. Had Creighton recorded the lease before Holt recorded his Affidavit, the outcome of Northern’s motion might have been different.  Creighton did not record the lease until January 30, 2008, and once the Holt Affidavit was recorded (December 21, 2007), Creighton and the whole world were on notice that there was, at the very least, a cloud over the subject property.  Because Creighton had constructive notice of the Holt Affidavit—recorded before the Creighton/Gunderson lease was recorded—the Court finds Creighton was 
not
 a bona fide purchaser without notice.  Therefore, the “filter rule” does not apply to give Northern bona fide purchaser status.  To the extent Northern contends it is a bona fide purchaser without notice on its own, the Court finds it is not, because the Holt Affidavit was recorded prior to the conveyances to Antares and Northern and was notice to all.

(Citations omitted).

[¶17] The district court ruled Creighton was not a good faith purchaser because he had notice at the time he recorded his lease.  However, N.D.C.C. § 32-04-17 allows for reformation of a contract if reformation “can be done without prejudice to rights acquired by third persons in good faith and for value.”  The statute requires the third party acquire their rights in good faith and for value.  This Court has said a good faith purchaser must not have notice of the alleged problematic situation before the purchase.  
Smetana
, 2009 ND 74, ¶¶ 18-19, 764 N.W.2d 665.  The recording of an oil and gas lease gives notice to the public of the validity and continuance of the lease and protects against claims from subsequent purchasers.  
See
 N.D.C.C. §§ 47-16-40 and 47-19-41.  An unrecorded instrument is valid between the parties to the instrument and those with notice.  N.D.C.C. § 47-19-46.  Creighton acquired any rights to the property under the lease when it became an enforceable contract between the parties and not when the lease was recorded.  
See
 
Ehlen v. Melvin
, 2012 ND 246, ¶¶ 9-12, 823 N.W.2d 780 (an agreement does not become a binding and enforceable contract until the requirements for the existence of a contract are met).  The court must determine whether Creighton had notice and was a good faith purchaser when he acquired rights under the lease.  We conclude the district court misapplied the law and erred in determining Creighton was not a good faith purchaser because he had constructive notice of Holt’s claim when he recorded the lease.

[¶18] Murex argues the court’s decision should be affirmed because Creighton had constructive notice of Holt’s claim before he executed the lease, and therefore he was not a good faith purchaser.  
Determining whether a person had constructive notice requires examining the information the person possessed.  
Diocese of Bismarck Trust v. Ramada, Inc.
, 553 N.W.2d 760, 768 (N.D. 1996).  The information the person possesses “‘need not be so detailed as to communicate a complete description of an opposing interest; instead, the information must be sufficient to assert the existence of an interest as a fact, which in turn gives rise to a duty to investigate.’”  
Smetana
, 2009 ND 74, ¶ 16, 764 N.W.2d 665 (quoting 
Diocese of Bismarck Trust
, at 768). 
 A superficial inquiry is not enough; rather, the person must exercise reasonable diligence in making an inquiry.  
Smetana
, at ¶ 16.   

[¶19] Although the issue of whether the purchaser had notice is generally a question of fact, determining 
whether the purchaser is a good faith purchaser without notice is a mixed question of fact and law.  
Erway v. Deck
, 1999 ND 7, ¶ 11, 588 N.W.2d 862.
  We have explained:

The factual circumstances relating to events surrounding the transaction—the realities disclosed by the evidence as distinguished from their legal effect—constitute the findings of fact necessary to determine whether a party has attained the status of a good faith purchaser without notice . . . .  A court’s ultimate determination that a party is not a good faith purchaser for value is a conclusion of law, because that determination describes the legal effect of the underlying factual circumstances.

Id.
 (quoting 
Diocese of Bismarck Trust
, 553 N.W.2d at 768). 

[¶20] Whether Creighton had notice is a question of fact.  Deciding an issue on summary judgment is not appropriate if the court must draw inferences or make findings on disputed facts.  
Smetana
, 2009 ND 74, ¶ 10, 764 N.W.2d 665.  A finding of fact is reached by natural reasoning.  
Nygaard v. Robinson
, 341 N.W.2d 349, 354 (N.D. 1983).  If the facts are undisputed and only one inference can reasonably be drawn, the determination of that inference is a question of law.  
Id.
  However, when the facts are undisputed and more than one inference may be drawn, the determination of the inference drawn is a finding of fact.  
Id.
   

[¶21] Murex contends Creighton had notice of circumstances sufficient to put a prudent person upon inquiry about a mistake in Holt’s lease.  Murex claims there was evidence Creighton’s agent, Bradshaw, contacted the Gundersons for the purpose of leasing the minerals and Brian Gunderson told Bradshaw he was concerned he would have to repay Holt money he received on acreage he did not own.  Murex claims a prudent person would look into Brian Gunderson’s concerns and would suspect that there was a mistake in the Holt lease and that the lease was intended to include the property Creighton was interested in leasing. 

[¶22] Both Murex and Northern contend the only evidence presented about Brian Gunderson’s conversation with Bradshaw was contained in Creighton’s affidavit, which states:

That on or about November 23, 2007, Bradshaw, acting under my direction, contacted Brian Gunderson by telephone to present an offer, on my behalf, to lease the Subject Minerals.  Brian Gunderson told Bradshaw he was aware the Subject Minerals were open and available for lease, and stated that Holt had contacted Brian Gunderson three months prior seeking another lease covering the Subject Minerals. Brian Gunderson informed Bradshaw that he and his wife were not very keen on granting Holt a new lease because Holt’s terms were not as good as what I was offering.  Brian Gunderson told Bradshaw that he was concerned that he would have to repay to Holt the money he had received on the acreage he did not own, i.e., the S/2SE/4, and Bradshaw informed Brian Gunderson that whether or not Brian Gunderson would have to repay the money was beyond Bradshaw’s purview as a landman.

[¶23] Although Murex and Northern argue that the facts are not disputed, they do not agree on the inferences that can be drawn from this evidence.  Northern argues the Creighton affidavit supports its argument that Creighton did not have constructive notice and did not have a duty to inquire.  Northern contends Brian Gunderson told Bradshaw that the property was available for lease and Holt had contacted him seeking a second lease, which indicates the Holt lease did not cover and was not intended to cover the property in dispute.  Murex argues the affidavit supports its argument that Creighton had notice that Murex had a claim on the disputed property because Gunderson asked Bradshaw about repaying money he received on land he did not own, the property descriptions are similar, and a prudent person would suspect the Holt lease was meant to include the property Creighton wanted to lease.  More than one inference can reasonably be drawn from this evidence and findings of fact are required, which is not appropriate in a summary judgment proceeding.  
See
 
Brown v. North Dakota State Univ.
, 372 N.W.2d 879, 883 (N.D. 1985) (when the court deems it necessary to make inferences from surrounding circumstances and to make findings of fact, the entry of summary judgment is generally inappropriate).

[¶24] Murex also contends Creighton was not a good faith purchaser because he did not make a payment on the lease before Holt recorded his affidavit.  Murex claims 
Creighton did not become a purchaser for value until he made a payment on the lease, he was not planning to make payment until he completed a title search, and he did not pay the Gundersons until January 25, 2008, which was more than a month after the Holt affidavit was recorded.  However, Northern argues there is a factual dispute about when Creighton paid the Gundersons.  Northern contends Murex’s claim is based on the Gundersons’ response to an interrogatory in which they said they “received verification of the deposit on January 25, 2008,” and there is no evidence in the record about when Creighton issued payment, the form of delivery, or whether a draft was issued directly to the bank or to the Gundersons.  Northern also claims the undisputed facts show Bradshaw determined the title review was completed before the Creighton lease was executed. 

[¶25] Whether Creighton acquired rights to the property in good faith and for value requires findings of fact about the events surrounding the transaction.  
See
 
Diocese of Bismarck Trust
, 553 N.W.2d at 768-69.  We conclude a factual dispute exists about whether Creighton had constructive notice when he acquired rights under the lease and the district court erred in concluding, as a matter of law, that Creighton was not a good faith purchaser.

IV

[¶26] We have considered the parties’ remaining issues and find they are either without merit or are unnecessary to our decision.  We reverse the judgment and remand for further proceedings.

[¶27] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Crothers, Justice, concurring.

[¶28] This is another in a growing line of mineral development cases appealed to us after summary judgment.  Remand is required under our summary judgment standards precluding Rule 56, N.D.R.Civ.P., treatment when material issues of fact exist—even if arising from written documents.  Majority opinion at ¶ 20; 
Hamilton v. Woll
, 2012 ND 238, ¶ 9, 823 N.W.2d 754.

[¶29]
 I note here as I did in 
Hamilton
, 

“Although summary judgment is not appropriate under these circumstances, this case can be submitted to the district court for ‘trial’ on the same record.  Simply put, it is the procedure and not the substance that was lacking in this proceeding.  That deficit easily can be remedied on remand by providing a stipulation of facts and exhibits, together with any argument permitted by the district court, for trial based on the record submitted.”

Id.
 at ¶ 20 (Crothers, J., concurring specially).

[¶30] Daniel J. Crothers

Dale V. Sandstrom