2017 ND 78

**THR MINERALS, LLC, Plaintiff and Appellee**

v.

**Stephen D. ROBINSON, as Trustee of the Grace D. Robinson Irrevocable Trust, Mary Lou Stewart, Mark Allen Metzger, Charles A. Robinson, Paul A. Robinson, William A. Robinson, Barbara B. Danner, Ellen W. Brewster, and L & M Minerals, LLC, Defendants**

**Charles A. Robinson, Paul A. Robinson, and William A. Robinson, Appellants**

No. 20160062

Supreme Court of North Dakota.

Filed 4/3/2017

Jordon J. Evert, P.O. Box 417, Williston, N.D. 58802–0417, for plaintiff and appellee.

Harry M. Pippin, P.O. Box 1487, Williston, N.D. 58802–1487, for appellants.

McEvers, Justice.

[¶ 1] Charles Robinson, Paul Robinson, and William Robinson appeal from an amended judgment, granting summary judgment in favor of THR Minerals, LLC, and deciding ownership of mineral and royalty interests in certain property. We conclude the assignment of royalty at issue is unambiguous, and the district court did not err as a matter of law in construing the assignment to decide the ownership of the subject mineral and royalty interests between the parties. We affirm.

I

[¶ 2] In August 2014 THR filed an amended complaint to quiet title to mineral and mineral royalty ownership in specific property located in Williams County. Before suit was commenced, the various parties stipulated to the ownership of the property as sought in THR's complaint, except for defendants Charles Robinson, Paul Robinson, and William Robinson ("Robinsons"). In September 2014 the Robinsons answered THR's complaint.

[¶ 3] The dispute in this case involves the interpretation of a 1942 "Assignment of Royalty," from Ivan and Oleta Metzger, husband and wife, to assignee T.H. Rich-

ardson. It is undisputed that at the time of the conveyance, the Metzgers owned a one-third interest in the property described in the assignment. Based on their respective successor interests and interpretations of the assignment, THR asserts the Metzgers conveyed to Richardson a 6.25 percent royalty interest in the entire property, while the Robinsons contend the Metzgers created a 6.25 percent royalty burden on only the one-third interest they actually owned.

[¶ 4] THR moved the district court for summary judgment, and the Robinsons filed a cross-motion for summary judgment. In January 2015 the district court held a hearing on the parties' motions. In March 2015 the court granted THR partial summary judgment based on its interpretation of the 1942 assignment, which the court concluded was unambiguous. The court held that "to be made whole, the heirs of T.H. Richardson are entitled to 18.75% [i.e., three times 6.25 percent] of the interest owned by Oleta and Ivan Metzger as a result of the February 17, 1942 conveyance." The court, however, did not grant full summary judgment because the record did "not have the information to set out current ownership" and was "not sufficient to establish what The Metzger[s'] owned prior to the 1942 deed, with sufficient proof to warrant a Quiet Title judgment."

[¶ 5] In July 2015 THR again moved the district court for summary judgment, submitting additional documents to establish chain of title to the property. The Robinsons again opposed THR's motion, asserting summary judgment was inappropriate because "there absolutely exists a genuine dispute regarding the existence of a material fact," in that "there is still a dispute as to the interpretation of the February 17, 1942 Assignment of Royalty from Oleta and Ivan Metzger to T.H. Richardson."

In September 2015 the district court held a hearing on THR's second summary judgment motion. In December 2015 the court entered amended findings of fact, conclusions of law, and an order granting judgment in THR's favor. An amended judgment was entered from which the Robinsons appeal.

## II

[¶ 6] The Robinsons argue the district court erred in granting summary judgment in favor of THR. Our standard of review for a district court's grant of summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

Markgraf v. Welker, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting Hamilton v. Woll, 2012 ND 238, ¶ 9, 823 N.W.2d 754). "Sum-

mary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts." Markgraf, at ¶ 10 (quoting Northern Oil & Gas, Inc. v. Creighton, 2013 ND 73, ¶ 11, 830 N.W.2d 556).

### III

[¶ 7] The resolution of this case depends on the proper interpretation of the 1942 assignment of royalty.

 [¶ 8] Generally, we interpret assignments and deeds in the same manner as contracts, with the primary purpose to ascertain and effectuate the parties' or grantor's intent. See Sargent Cty. Water Res. Dist. v. Mathews, 2015 ND 277, ¶ 6, 871 N.W.2d 608; Golden v. SM Energy Company, 2013 ND 17, ¶ 11, 826 N.W.2d 610; see also N.D.C.C. § 9–07–03. The parties' intent is ascertained from the writing alone if possible. N.D.C.C. § 9–07–04. "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." N.D.C.C. § 9–07–02. "When the parties' intent can be determined from the contract language alone, interpretation of a contract presents a question of law." Border Res., LLC v. Irish Oil & Gas, Inc., 2015 ND 238, ¶ 15, 869 N.W.2d 758. Similarly, when "an assignment is memorialized in a clear and unambiguous writing, a court should not look to extrinsic evidence to ascertain intent." Golden, at ¶ 11. "[W]hen a contract is ambiguous, [however,] extrinsic evidence may be considered to determine the parties' intent, and the contract terms and the parties' intent become questions of fact." Border Res., at ¶ 15.

 [¶ 9] The "Assignment of Royalty," executed on February 17, 1942, provides in relevant part:

KNOW ALL MEN BY THESE PRESENTS, That Ivan V. Metzger and Oleta L. Metzger, his wife, of Williston, North Dakota, for and in consideration of the sum of One and no/100 DOLLARS, and other good and valuable considerations, in hand paid by T.H. Richardson of St. Paul, Minnesota ... hereinafter called assignee, ... do hereby sell, assign, transfer, convey, and set over unto the said assignee, all of our right, title and interest in and to six and one-fourth per cent (6¼%) Royalty, of all the oil and of all the gas produced and saved from the hereinafter described lands, located in the County of Williams, State of North Dakota, to-wit:

Southeast Quarter of Northeast Quarter (SE¼NE¼), Lot One (1), South Half of Southwest Quarter (S½SW¼) and Southeast Quarter (SE¼) of Section Three (3) in Township One Hundred Fifty–Five (155) of Range One Hundred (100)

and embracing 320 acres, more or less, according to the Government official survey thereof: ....

(Emphasis added.)

[¶ 10] Neither party argues the assignment is ambiguous. The Robinsons argue that the use of the word "our" in the 1942 assignment executed by the Metzgers created a 6.25 percent royalty burden on only the interest actually owned by the Metzgers. The Robinsons argue the district court failed to recognize that "our" in the 1942 assignment referred only to the Metzgers' interest in the tract, contending the assignment's use of "our" was proof summary judgment should have been granted in their favor.

[¶ 11] The Robinsons argue the use of "our" in the 1942 assignment of royalty must be given its ordinary meaning in the analysis of the assignment. They contend

the Metzgers intended to limit the mineral interest to their share by describing it as "our right, title and interest"; such a legal description of only their mineral interest would have been "impossible" because the Metzgers owned a one-third share of the minerals under the 320 acres described— not the specific minerals associated with a specific patch of the 320 acres; and the only logical way to limit the transfer of their share would have been designated as a portion of the Metzgers' right, title, and interest, which the Metzgers did when they used "our" to describe the "right, title and interest" conveyed, as opposed to describing it as "the right, title and interest."

[¶ 12] Although THR pointed out the assignment did not include a "proportionate reduction" clause regarding calculation of the 6.25 percent royalty assignment, the Robinsons maintain such clause was unnecessary because the Metzgers only transferred 6.25 percent of their one-third share and not of the whole. They assert any additional co-ownership interests were of record at the time, giving T.H. Richardson sufficient notice of what he was actually buying. They maintain the district court's ruling results in a windfall for T.H. Richardson's successors, giving them a greater share of the royalty from the land than was the Metzgers' intent.

[¶ 13] THR responds that the Robinsons' argument does not propose an ordinary meaning for the assignment's use of the word "our." THR contends their interpretation of "our" is correct for two reasons. First, use of "our" only indicates possession of something—in this case the royalty owned by the Metzgers—but "our" does not specify how that interest conveyed is to be calculated. Second, the only way to decide in the Robinsons' favor would be to ignore the remaining conveyance language, which is not permissible under N.D.C.C. § 09–07–06. The assignment specifically

states the royalty conveyed is of "all the oil and of all the gas" produced and saved from the described lands. THR asserts, therefore, the correct interpretation must also give effect to the word "all," to construe the Metzgers' conveyance as giving T.H. Richardson a 6.25 percent royalty from all of the oil and gas produced from the lands, meaning the Metzgers conveyed 6.25 percent to Richardson and reserved 27.083333 percent for themselves. THR contends the Metzgers had sufficient interest to satisfy the grant since they owned thirty-three and one-third percent of all the royalty in the described property. THR argues no other intention can be drawn from the language.

[¶ 14] Put another way, the only question to be resolved on appeal is whether the 1942 assignment of royalty conveyed 6.25 percent of the Metzgers' one-third interest in the royalty from the described property or 6.25 percent of the royalty from the entire property from the Metzgers' one-third interest. On the basis of our review, we agree with the district court's interpretation of the assignment. Rather than focusing only on the word "our," reading the plain language of the granting clause also requires interpretation of the phrase "of all the oil and of all the gas produced and saved from the hereinafter described lands" immediately following the 6.25 percent royalty. This phrase defines how the 6.25 percent royalty was to be calculated. We conclude this unambiguously shows the Metzgers' intention that T.H. Robinson receive a 6.25 percent royalty based on oil and gas produced from the entire tract of land described. Additionally, use of the words "described lands" also shows the amount conveyed was to be taken as a percentage of the entire interest.

[¶ 15] Although the district court held the language of the assignment

was unambiguous, construing the language as a matter of law, we note that the court also entered "findings of fact" in support of its amended judgment. Generally, "[s]ummary judgment should not be used to conduct mini-trials of factual issues." Golden, 2013 ND 17, ¶ 18, 826 N.W.2d 610. We have explained that "[d]eciding an issue on summary judgment is not appropriate if the court must draw inferences or make findings on disputed facts." Creighton, 2013 ND 73, ¶ 20, 830 N.W.2d 556. "A finding of fact is reached by natural reasoning, and a conclusion of law is reached by fixed rules of law." Nygaard v. Robinson, 341 N.W.2d 349, 354 (N.D. 1983); see also Creighton, at ¶ 20. "If the facts are undisputed and only one inference can reasonably be drawn, the determination of that inference is a question of law." Creighton, at ¶ 20 (citing Nygaard, at 354,). "However, when the facts are undisputed and more than one inference may be drawn, the determination of the inference drawn is a finding of fact." Id. We have also said a district court is not required to make findings in a case involving a summary judgment motion under N.D.R.Civ.P. 56. Anderson v. Zimbelman, 2014 ND 34, ¶ 23, 842 N.W.2d 852 (quoting N.D.R.Civ.P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.")).

[¶ 16] Although the district court labeled its recitation of facts as "findings of fact," the court was not required to have made findings for summary judgment. Moreover, the parties' recitation of facts below and on appeal appear undisputed, except with regard to the interpretation of the 1942 assignment of royalty. When facts are undisputed and only one inference can reasonably be drawn, the determination of that inference is a question of law. Creighton, 2013 ND 73, ¶ 20, 830 N.W.2d 556.

None of the parties have argued the assignment is ambiguous, so as to necessitate consideration of extrinsic evidence in construing the assignment and requiring a trial. Rather, both THR and the Robinsons contend the assignment is unambiguous and rely on their own interpretations of the assignment to show the Metzgers' intention in executing the assignment. We therefore conclude the Robinsons failed to raise a genuine issue of material fact so as to render summary judgment improper, and the district court did not err in construing the assignment as a matter of law. We affirm the court's amended judgment.

IV

[¶ 17] We have considered the Robinsons' remaining arguments and conclude they are either unnecessary to our decision or without merit. The amended judgment is affirmed.

[¶ 18] Lisa Fair McEvers

Carol Ronning Kapsner

Allan L. Schmalenberger, S.J.

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom, S.J.

[¶ 19] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

[¶ 20] The Honorable Allan L. Schmalenberger, S.J., sitting in place of Crothers, J., disqualified.