2017 ND 191

**James MARAGOS, Andrew Maragos and Vivian Zimmerman, Trustees of the George S. Maragos Residuary Trust, a/k/a The George S. Maragos Trust, Plaintiffs and Appellants**

v.

**NEWFIELD PRODUCTION COMPANY, Defendant and Appellee**

No. 20160441

Supreme Court of North Dakota.

Filed 7/31/2017 by Clerk of Supreme Court

William E. Bergman, Minot, ND, for plaintiffs and appellants.

Danielle Krause (argued) and Lawrence Bender (on brief), Bismarck, ND, for defendant and appellee.

VandeWalle, Chief Justice.

[¶1] The Maragos Trust appealed the district court's summary judgment in favor of Newfield Production Company determining Newfield was not a proper party defendant. Because Newfield failed to establish they were entitled to judgment as a matter of law, we reverse and remand.

I.

[¶2] Newfield Production Company ("Newfield") operates four oil and gas wells on an area of land:

Township 153 North, Range 96 West
Section 3: S1/2NW1/4, Lots 3 and 4

("the property"). The Trustees of the George S. Maragos Residuary Trust ("the Trust") assert they are the owners of a 1/8 of 1% royalty interest in the property.

[¶3] The Trust argues it acquired its interest in the royalties through the following process: H. H. Hester possessed a royalty interest in the property and conveyed to George S. Maragos a 1/8% royalty interest in December 1937. George S. Maragos retained his interest until his death when the administrators of his estate assigned the royalty interest to the Trust in January 1985.

[¶4] While operating the wells, Newfield has relied upon a division order-title opinion ("division order") to allocate the royalty interest for the property. Newfield argues, according to its division order, Hester's conveyance to Maragos failed because Hester had no interest in the property at the time he purportedly conveyed the interest to Maragos. Because of this alleged failed conveyance, Newfield has not paid any royalty interest to the Trust.

[¶5] The Trust sued Newfield for an accounting and all unpaid revenue from the 1/8% royalty interest in the property. The Trust moved for summary judgment.

Newfield filed a cross-motion for summary judgment, arguing it was not a proper party defendant because it did not have a competing interest in the 1/8% royalty interest. The district court granted Newfield's cross-motion for summary judgment, holding the Trust claim was really a quiet title claim, Newfield was not a proper party defendant, the proper parties are the other competing royalty interest owners, and the Trust was not entitled to attorney's fees and interest under N.D.C.C. § 47-16-39.1.

[¶6] On appeal, the Trust argues the district court erred by: (1) finding Newfield was not a proper party defendant, (2) holding the "dispute of title exception" under N.D.C.C. § 47-16-39.1 applied, and (3) granting Newfield summary judgment.

## II.

[¶7] Our standard of review for a district court's grant of summary judgment is well established:

[Summary judgment] is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Krenz v. XTO Energy, Inc.*, 2017 ND 19, ¶ 17, 890 N.W.2d 222 (quoting *Riverwood Commercial Park v. Standard Oil Co.*, 2011 ND 95, ¶ 6, 797 N.W.2d 770). "Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts." *Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting *Northern Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 11, 830 N.W.2d 556). We have explained that "[d]eciding an issue on summary judgment is not appropriate if the court must draw inferences or make findings on disputed facts." *Creighton*, 2013 ND 73, ¶ 20, 830 N.W.2d 556. "The district court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment." *Farmers Union Oil Co. of Garrison v. Smetana*, 2009 ND 74, ¶ 10, 764 N.W.2d 665.

[¶8] The district court found Newfield "has no stake in the outcome of this case" and neither party asserts Newfield possesses any royalty interest in the property. The district court cited *Acoma Oil Corp. v. Wilson*, 471 N.W.2d 476, 485 (N.D. 1991), and stated: "[i]n disputes regarding an underpaid revenue owner . . . the appropriate action for the underpaid revenue owner is to seek payment of the underpaid revenue from the reciprocal overpaid revenue owner, not from the operator of the well." Thus, the district court concluded, "as a matter of law, Newfield is not the proper party against which to bring a claim of ownership of the royalty interest[.]"

[¶9] The Trust does not argue Newfield is claiming an interest; rather, it argues the district court erred in finding it could not seek relief from Newfield under *Acoma*. In *Acoma*, two underpaid parties with royalty interests in a tract of land sought payments of the underpaid royalties from the oil company. *Id.* at 484. The oil company argued it was not liable for the underpayment because it had "paid out 100% of the proceeds" and "received no benefit and has not been unjustly enriched." *Id.* We disagreed, but differentiated between the two parties based upon whether the party had entered into a division and transfer order with the oil company. *Id.* at 484-86. We held that the party who executed a division order with the oil company should not be able to recover from the oil company because the oil company had detrimentally relied upon the order and it would subject them to double liability. *Id.* at 484-85. As to the party who had not executed a division order, we found the oil company's reliance on the title opinion could not absolve it of all liability as to the underpayments and that party could recover the underpayments from the oil company. *Id.* at 486.

[¶10] The district court misapplied *Acoma*, by concluding "[i]n disputes regarding an underpaid revenue owner ... the appropriate action for the underpaid revenue owner is to seek payment of the underpaid revenue from the reciprocal overpaid revenue owner, not from the operator of the well." This is true when the parties have a signed division order, but in situations where a signed division order is not present, the underpaid party can seek payments from the oil company. The Trust and Newfield do not have a signed division order. Therefore, under *Acoma*, if the Trust has a valid royalty interest in the property, Newfield would be an appropri-

ate party from which to seek underpayments.

[¶11] We also noted in *Acoma*, the parties had already established their royalty interests prior to seeking underpayment from the oil company. Here, we have no such agreement; the parties disagree on the Trust's ownership in the 1/8% royalty interest in the property. The district court did not determine the validity of the Trust's claim in the 1/8% royalty interest in the property; rather, it concluded that regardless of the Trust's interest, Newfield was not the proper party. However, as discussed, if the Trust has a valid interest in the property, Newfield is a proper party from which to recover the underpayment.

[¶12] The Trust provided documentation which purports to give it the 1/8% royalty interest in the property. Newfield provided the district court its division order to establish that the Trust's alleged interest was invalid because at the time Hester conveyed the interest to Maragos, Hester did not have an interest to convey. Newfield did not provide any documentation to support the accuracy of its division order; rather, it sought to have the district court take the division order at face value. Newfield cannot rely solely on its division order, to which the Trust was not a party, to protect itself from liability without first proving its accuracy.

[¶13] The district court failed to make a finding as to the validity of the Trust's interest and we cannot determine whether Newfield is a proper party defendant. Summary judgment was inappropriate. Therefore, we reverse and remand the matter back to the district court. As we noted in *Acoma*, at page 486, we express no opinion on the ultimate liability of Newfield to the Trust if the district court finds the Trust has a valid interest in the 1/8% royalty interest of the property. Nor do we determine who could be joined as a party

to the litigation under the joinder rules of the North Dakota Rules of Civil Procedure.

[¶14] Because we reverse the summary judgment, it is unnecessary to address the Trust's argument that the district court erred in holding the "dispute of title exception" under N.D.C.C. § 47-16-39.1 applied; such a determination is contingent upon the district court's finding as to the accuracy of Newfield's division order.

### III.

[¶15]We reverse the district court's summary judgment and remand back to the district court for further proceedings.

[¶16] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte