Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 25

John W. Dixon, Petitioner and Appellant

v.

Billie Dixon, Respondent and Appellee

No. 20170212

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Greg W. Hennessy, Williston, ND, for petitioner and appellant.

Spencer D. Ptacek, Bismarck, ND, for respondent and appellee.

Dixon v. Dixon

No. 20170212

Crothers, Justice.

[¶1] John Dixon appeals from a summary judgment dismissing his action to remove Billie Dixon as trustee of the Shirley A. Dixon Trust and seeking reimbursement, an accounting and court supervision of the trust.  We conclude the case is not moot and genuine issues of material fact preclude disposition by summary judgment.  We reverse and remand for further proceedings.  

I

[¶2] Billie Dixon and John Dixon are two of Shirley Dixon’s four children.  In 1972 the Shirley A. Dixon Revocable Trust was created and her husband, William Dixon, was appointed trustee.  The trust was amended three times over the years.  The trust agreement provided that, if William Dixon did not survive Shirley Dixon, the four children would become remainder beneficiaries of the trust and the trust property would be allocated equally to them upon her death.  In her 1984 amendment to the trust agreement, Shirley Dixon provided: “The Trustee shall render annual accountings to the Grantor while living, and to the beneficiaries during the term of this Trust, showing in detail receipts, disbursements, and distributions of both principal and income of the trust property.”  The 1984 amendment also prohibited the trustee from “dispos[ing] of the principal or income of the Trust for less than an adequate or full consideration in money or money’s worth.”  In 2009 William Dixon resigned as trustee and Billie Dixon was appointed successor trustee.  William Dixon died in 2010.

[¶3] In 2013 Billie Dixon, as trustee, sued John Dixon to reform a warranty deed their father executed conveying a tract of McKenzie County real property to John Dixon.  Billie Dixon contended William Dixon intended to reserve the mineral interests as property of the trust.  The district court agreed and reformed the warranty deed to reserve and except the minerals and retain the mineral interests as property of the trust to be distributed in accordance with the trust’s terms and conditions.  We affirmed the court’s decision in 
Dixon v. Dixon
, 2017 ND 174, ¶ 1, 898 N.W.2d 706. 

[¶4] Shortly after the reformation action was commenced in 2013, John Dixon sued Billie Dixon seeking an accounting of the trust, her removal as trustee, court supervised administration of the trust, reimbursement of the trust for unauthorized distributions, and his attorney fees expended in the action.  During multiple trial postponements, Shirley Dixon died in 2015.  About two months before the scheduled February 2017 trial, Billie Dixon moved for summary judgment dismissal of the lawsuit.  The district court granted the motion and dismissed the action.  The court ruled:  1) Billie Dixon, as trustee, acted properly in bringing the 2013 reformation action against John Dixon; 2) John Dixon “provided no evidence that any gifts from the Trust were not provided pursuant to the wishes of Shirley A. Dixon”; 3) the failure to provide annual accountings did not justify Billie Dixon’s removal as trustee because John Dixon “has not established that this violation results in danger of loss of trust property” and Shirley Dixon “is deceased and the Trust is being wound up”; and 4) the lawsuit was moot because the 2013 reformation action had been resolved and Shirley Dixon had died. 

II

[¶5] John Dixon argues the district court erred in ruling his lawsuit is moot.

[¶6] A case becomes moot when, because of the lapse of time or the occurrence of events, a court is unable to render effective relief.  
See
 
Schwartzenberger v. McKenzie Cty. Bd. of Cty. Comm’rs
, 2017 ND 211, ¶ 6, 901 N.W.2d 64; 
Simpson v. Chicago Pneumatic Tool Co.
, 2003 ND 31, ¶ 7, 657 N.W.2d 261; 
Bland v. Comm’n on Med. Competency
, 557 N.W.2d 379, 381 (N.D. 1996).  “A trial court properly dismisses a case for mootness if the case ‘has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.’”  
Tibert v. City of Minto
, 2004 ND 97, ¶ 10, 679 N.W.2d 440 (quoting 
St. Louis Fire Fighters Ass’n v. City of St. Louis
, 96 F.3d 323, 329 (8th Cir. 1996)).  Mootness is a threshold issue we decide before reaching the merits of an appeal, 
see
 
Simpson
,  at ¶ 7, and we review de novo a district court’s legal conclusion of mootness.  
See
 
Tibert
, at ¶ 9. 

[¶7] The district court’s reasoning that this case has been mooted by resolution of the 2013 reformation action and Shirley Dixon’s death is puzzling.  The mineral interests determined to be trust property through the reformation action are irrelevant to the mootness question here.  Billie Dixon’s argument that the case is mooted by Shirley Dixon’s death because a determination of her “best interests” would be “academic” and effective relief could no longer be granted also misses the point.  Actions against a trustee for breach of trust are authorized under N.D.C.C. ch. 59-18 of the North Dakota Uniform Trust Code (U.T.C.).  A violation by a trustee of a duty owed to a beneficiary is a breach of trust.  
See
 N.D.C.C. § 59-18-01(1) (U.T.C. § 1001).  A “beneficiary” is a person who has a “present or future beneficial interest in a trust, vested or contingent.”  N.D.C.C. § 59-09-03(3)(a) (U.T.C.  § 103).  “A trustee who commits a breach of trust is liable to the beneficiaries affected for the greater of the amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred or the profit the trustee made by reason of the breach.”  N.D.C.C. § 59-18-02(1) (U.T.C. § 1002).  This action was commenced before Shirley Dixon died and John Dixon, a beneficiary, alleges improper gifting of trust property and a failure by Billie Dixon to provide annual accountings as called for under the terms of the trust.  Shirley Dixon’s death did not make it impossible for the court to provide effective relief.  

[¶8] We conclude the district court erred in ruling this case is moot.  

III 

[¶9] John Dixon argues the district court erred in granting summary judgment dismissing the case on the merits. 

[¶10] In 
Haugrud v. Craig
, 2017 ND 262, ¶ 6, 903 N.W.2d 537, we explained:

“Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.”

(quoting 
Hokanson v. Zeigler
, 2017 ND 197, ¶ 14, 900 N.W.2d 48).

A

[¶11] John Dixon argues the district court erred in ruling he was not entitled to an annual accounting.  The court ruled that, although Billie Dixon did not provide annual accountings to trust beneficiaries, the failure to provide the accountings did not justify her removal or court supervision because John Dixon has not shown it resulted in a loss of trust property and because the settlor is dead and the trust “is being wound up.”  Billie Dixon alternatively argues John Dixon was not entitled to annual accountings as a matter of law under the statutory scheme.

[¶12] Section 59-14-03(1), N.D.C.C. (U.T.C. § 603), provides that “[w]hile a trust  is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor.”  Section 59-16-13(1)(a), N.D.C.C. (U.T.C. § 813), specifically provides that the duty of a trustee “to inform and report are owed exclusively . . . [t]o the settlor, while a trust is revocable.”  Two of the main reasons settlors use revocable trusts are to avoid probate and to protect their privacy by limiting who may gain access to their financial information.  
See
 
In re Trust No. T-1 of Trimble
, 826 N.W.2d 474, 485-86 (Iowa 2013).  State law therefore provides this privacy benefit for settlors of revocable trusts.  But people may waive rights and privileges which are conferred by statute and are intended for their benefit.  
See, e.g.
, 
Lawrence v. Delkamp
, 2006 ND 257, ¶ 8, 725 N.W.2d 211; 
Toni v. Toni
, 2001 ND 193, ¶ 10, 636 N.W.2d 396.  In her 1984 amendment to the trust agreement, Shirley Dixon stated:  “The Trustee shall render annual accountings to the Grantor while living, and to the beneficiaries during the term of this Trust, showing in detail receipts, disbursements, and distributions of both principal and income of the trust property.”  Shirley Dixon clearly waived the privacy benefits afforded by the statutes.  The trustee was required to render annual accountings, but John Dixon alleges Billie Dixon did not do so.  

[¶13] Shirley Dixon’s death and the winding up of the trust do not lead to the conclusion that John Dixon, as a beneficiary, had no entitlement to annual accountings.  The court’s refusal to consider removal of the trustee and supervision because John Dixon failed to show the violation resulted in “danger of loss of trust property” is counterintuitive.  It is difficult to imagine how a beneficiary could show a trustee improperly administered a trust without access to the accountings required by the trust instrument.  
Cf.
 N.D.C.C. § 59-18-05(1) (U.T.C. § 1005) (“A beneficiary may not commence a proceeding against a trustee for breach of trust more than one year after the date the beneficiary . . . was sent a report that adequately disclosed the existence of a potential claim for breach of trust . . . .”).  Moreover, John Dixon alleged in an affidavit that Billie Dixon gifted trust property to named beneficiaries and non-beneficiaries “from 2010 through at least 2013.”

[¶14] We conclude the district court erred in ruling as a matter of law John Dixon was not entitled to annual accountings.

B  

[¶15] John Dixon argues the district court erred in ruling as a matter of law that Billie Dixon, as trustee, did not make improper gifts of trust property.  Because John Dixon briefed this issue as one of the bases for removal of the trustee, we reject Billie Dixon’s argument that he waived this issue on appeal.

[¶16] The district court reasoned: 

“The Petitioner claims that the Respondent has withdrawn Trust assets for the purpose of making gifts, directly or indirectly, to the children and grandchildren of Shirley A. Dixon.  The evidence provided by the Respondent is that Shirley A. Dixon had engaged in a pattern of gifting to the children for many years and that the Respondent simply continued that pattern until gifting was terminated in 2013.  Evidence provided by the Petitioner in the form of Exhibit g to his Objection to Motion to Dismiss establishes that he was the recipient of gifts from the Trust, apparently without complaint.  The Petitioner provided no evidence that any gifts from the Trust were not provided pursuant to the wishes of Shirley A. Dixon.” 

[¶17] The 1984 amendment to the trust agreement prohibited the trustee from “dispos[ing] of the principal or income of the Trust for less than an adequate or full consideration in money or money’s worth.”  This provision appears to prohibit “gifting.”  
See
 
Bleick v. N.D. Dept. of Human Servs., 
2015 ND 63, ¶ 19, 861 N.W.2d 138 (“A gift is a voluntary transfer of property made without consideration.”)  Although the 2017 legislature recently enacted N.D.C.C. § 59-14-05 to provide that “[w]hile a trust is revocable, the trustee may follow a direction of the settlor which is contrary to the terms of the trust,” this provision became effective August 1, 2017, was not declared retroactive, and is inapplicable to this case.  
See
 2017 N.D. Sess. Laws ch. 416, §§ 6, 12.

[¶18] John Dixon, in an affidavit, relies on Billie Dixon’s testimony in the 2013 reformation action indicating she gifted to beneficiaries and to non-beneficiaries without receiving fair market value.  The district court relied on the lack of evidence that Shirley Dixon did not approve of the gifts and that John Dixon received some of the gifts, “apparently without complaint.”  However, the trust provision prohibiting gifting at the very least permits an inference that Shirley Dixon did not approve the gifts.  Furthermore, to the extent the court ruled John Dixon is estopped from complaining because he received some of the gifts, “‘[e]stoppel is generally a question of fact.’”  
Erickson v. Brown
, 2012 ND 43, ¶ 15, 813 N.W.2d 531 (quoting 
Peterson Mechanical, Inc. v. Nereson
, 466 N.W.2d 568, 571 (N.D. 1991)). 

[¶19] John Dixon has alleged that Billie Dixon, as trustee, violated two of the trust provisions relating to annual accountings and gifting.  Summary judgment should not be used to conduct a mini-trial of disputed fact issues.  
See, e.g.,
 
THR Minerals, LLC v. Robinson
, 2017 ND 78, ¶ 15, 892 N.W.2d 193.  Because N.D.C.C. § 59-15-06(2) (U.T.C. § 706) states that a court “may” remove a trustee for a serious breach of trust, it confers discretion on the court in deciding the issue.  
See
 
State v. Glaser
, 2015 ND 31, ¶ 19, 858 N.W.2d 920.  Here, the district court conducted a mini-trial on disputed fact issues, and then exercised its discretion to not remove the trustee or to supervise the trust.  Genuine issues of material fact prohibited the court from doing so.

[¶20] We conclude the district court erred in dismissing the case on summary judgment.

IV

[¶21] We do not address other arguments raised because they are unnecessary to the decision or are without merit.  We reverse the judgment and remand for further proceedings.  

[¶22] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.