# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 26

Western Energy Corporation,                                Plaintiff and Appellant

v.

Cynthia J. Stauffer; Kenneth Stauffer;
Kari Sue Stauffer; Kenneth Stauffer,
Trustee of The Stauffer Grandchildren's
Trust dated April 20, 2012; William
Stauffer (deceased); Ethel Stauffer
(deceased); Linda Myer; Robert Scott
Stauffer (deceased); Robert W. Stauffer
(deceased); Cassandra Stauffer;
Katherine Stauffer; Stauffer Family
Disclaimer Trust; Cody Stauffer,                          Defendants and Appellees

and

Martha J. Lee; Timothy R. Lee; Patience
Mullendore McNulty Campbell Land and
Mineral Trust, created on the 24th day of
June, 1991; U.S. Petroleum Inc.; Thomas
N. Berry & Company; Rex R. Byerly and
Linda A. Byerly, as joint tenants; and all
persons unknown claiming any interest or
encumbrances upon the mineral interest in
the Complaint,                                            Defendants

No. 20180283

Appeal from the District Court of Divide County, Northwest Judicial District,
the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Ryan Geltel, Williston, ND, for plaintiff and appellant.

Andrew D. Cook (argued), and Michel W. Stefonowicz (on brief), West Fargo, ND, for defendants and appellees.

**VandeWalle, Chief Justice.**

[¶1]    Western Energy Corporation appealed from a district court judgment finding its quiet title action to be barred by applicable statutes of limitation and laches and awarding the mineral interests at issue to the Stauffers. We affirm the judgment.

I

[¶2]    On May 25, 1959, L.M. and C.S. Eckmann agreed to convey property to William and Ethel Stauffer through a contract for deed. The contract for deed included a reservation of the oil, gas, and other mineral rights in the property and described a five-year payment plan. After the payment plan concluded in 1964, the Eckmanns were to convey the property to the Stauffers by warranty deed. On June 29, 1959, just over a month after the contract for deed was signed, the Eckmanns conveyed the property to the Stauffers through a warranty deed. The warranty deed did not contain a mineral reservation, but stated that it was given "in fulfillment of a contract for deed issued on the 25th of May, 1959."

[¶3]    Numerous conveyances, oil and gas leases, and similar transactions were completed by both the Eckmanns and Stauffers, as well as their successors in interest, between the execution of the warranty deed in 1959 and the filing of this quiet title action in 2016. The Stauffers executed an oil and gas lease covering the property and minerals in 1974, conveyed the property and minerals to themselves as tenants in common in 1983, and through transfers occurring between 2010 and 2013 the property and minerals came to be owned by Cynthia Stauffer individually and the Estate of Robert Stauffer. The Eckmanns entered into similar agreements conveying the minerals beginning in 1978. Western Energy Corporation ("Western") obtained its interests in the subject minerals through mineral deeds executed in 1989 and 1990.

The original parties to the warranty deed are all now deceased. Western filed this action to quiet title in 2016.

[¶4]     Western and the Stauffers submitted stipulated facts to the district court. Although brought as a quiet title action, the relief requested was actually reformation of the warranty deed. The district court found reformation barred by the statutes of limitation under N.D.C.C. §§ 28-01-15(2) and 28-01-42 as well as by the doctrine of laches. Further, the district court concluded the discrepancy between the contract for deed and the warranty deed is not enough to establish mutual mistake. Because it found that Western had not met its burden of proof to establish mutual mistake at the time of conveyance, the district court entered judgment quieting title of the minerals to the Stauffers.

II

[¶5]     In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review and its conclusions of law are fully reviewable. *Sauter v. Miller*, 2018 ND 57, ¶ 8, 907 N.W.2d 370. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if after reviewing all of the evidence, this Court is convinced a mistake has been made. *Id.* Findings of the trial court are presumptively correct. *Brash v. Gulleson*, 2013 ND 156, ¶ 10, 835 N.W.2d 798.

[¶6]     Statutes of limitation are designed to prevent plaintiffs from sleeping on their legal rights and bringing stale claims to the detriment of defendants. *Tarnavsky v. McKenzie County Grazing Ass'n*, 2003 ND 117, ¶ 9, 665 N.W.2d 18. Statutes of limitation are a legal bar to a cause of action and begin to run when the underlying cause of action accrues. *Id.* A cause of action accrues when the right to commence the action comes into existence and can be brought in a court of law without being dismissed for failure to state a claim. *Id.* Determining when a plaintiff's cause of action has accrued is generally a question of fact. *Abel v. Allen*, 2002 ND 147, ¶ 11, 651 N.W.2d 635. However, when there is no dispute of material fact, the district court

2

faces only a question of law on whether the statute of limitations bars a claim. *Id.*; *see also Wells v. First Am. Bank West*, 1999 ND 170, ¶ 7, 598 N.W.2d 834.

[¶7] The district court found that because Western or its predecessors in interest failed to commence an action within 10 years after the 1959 warranty deed was executed, or when the mistake should have reasonably been discovered, N.D.C.C. § 28-01-15(2) bars the current claim. While Western concedes that N.D.C.C. § 28-01-15(2) is the appropriate statute of limitations to apply to its claim, Western argues the district court erred in finding the claim for relief was barred by the statute of limitations because the court made no finding as to when the discrepancy was discovered. Section 28-01-15, N.D.C.C., states:

> The following actions must be commenced within ten years after the claim for relief has accrued:
> . . .
> 2. An action upon a contract contained in any conveyance or mortgage of or instrument affecting the title to real property except a covenant of warranty, an action upon which must be commenced within ten years after the final decision against the title of the coventor;

The language of N.D.C.C. § 28-01-15(2) requires bringing an action upon a contract contained in any conveyance or instrument affecting title to land within ten years after the claim for relief accrues. *Locken v. Locken*, 2011 ND 90, ¶ 13, 797 N.W.2d 301. "A reformation action based upon mutual mistake accrues when the facts which constitute the mistake have been, or in the exercise of reasonable diligence should have been, discovered by the party seeking relief." *Diocese of Bismarck Trust v. Ramada, Inc.*, 553 N.W.2d 760, 766 (N.D. 1996).

[¶8] Similar issues were addressed by this Court in *Wehner v. Schroeder*, 335 N.W.2d 563 (N.D. 1983). In *Wehner*, a contract for deed contained a mineral reservation while the recorded warranty deed did not. 335 N.W.2d at 564. The trial court in *Wehner* found that reformation could occur because the plaintiff submitted evidence showing neither party had reason to review the title after the 1950 sale. *Id.* at 567. Reviewing the evidence, we did not find the trial court's decision clearly

3

erroneous and thus affirmed. *Id*. However, no evidence showing the parties lacked a reason to review the title was presented in the current case.

[¶9] Here, the district court found numerous transactions involving the property and mineral rights occurred in the decades since the warranty deed was executed and recorded. The district court found these transactions, including a completed title opinion, gave all parties reason to review the title record. An examination of the title record would have disclosed the difference between the contract for deed and the warranty deed. The district court thus concluded that any alleged mutual mistake was, or should have been, discovered with reasonable diligence in 1959 when the documents were executed, or in the intervening fifty-nine years since the execution of the warranty deed. We conclude the district court's finding is not clearly erroneous.

[¶10] Additionally, Western was not a good faith purchaser and is "charged with notice of properly recorded instruments affecting title" of real property. *Wehner*, 335 N.W.2d at 565 (quoting *Sickler v. Pope*, 326 N.W.2d 86, 95 (N.D. 1982)). As a purchaser, Western was on constructive notice of any flaws within the title record. To have constructive notice, "[t]he information the person possesses need not be so detailed as to communicate a complete description of an opposing interest; instead, the information must be sufficient to assert the existence of an interest as a fact, which in turn gives rise to a duty to investigate." *Northern Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 18, 830 N.W.2d 556 (quotations omitted). "A superficial inquiry is not enough; rather, the person must exercise reasonable diligence in making an inquiry." *Id*. A simple examination of the title records would have revealed competing leases on the property as well as the discrepancy between the 1959 contract for deed and the warranty deed. The stipulated facts establish that the last transaction on the property involving Western or its predecessors in interest took place in May 1990. Even using this most recent transaction as the time in which the discrepancy between the contract for deed and the warranty deed accrued, the ten-year statute of limitations under N.D.C.C. § 28-01-15(2) has run. The district court was thus correct in finding N.D.C.C. § 28-01-15(2) barred the action.

4

[¶11]   Because the ten-year statute of limitations under N.D.C.C. § 28-01-15(2) bars the action, we do not address other issues raised. The judgment is affirmed.

[¶12]   Gerald W. VandeWalle, C.J.
        Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen